**State v. Sullivan**
*[Cite as 6 AOA 161]*

*Case No. 89AP120094*
*Tuscarawas County, (5th)*
*Decided August 6, 1990*

*Thomas G. Watson, Assistant Prosecutor, Tuscarawas County Courthouse, New Philadelphia, OH 44663, for Plaintiff-Appellant.*

*Gerald Latanich, Joint County Public Defender's Office, 153 N. Broadway, New Philadelphia, OH 44663, for Defendant-Appellee.*

MILLIGAN, J.

Upon a finding that the State had failed to comply with Crim. R. 16(B), the Tuscarawas County Common Pleas Court found the process due the defendant violated and dismissed the robbery charges with prejudice. The State appeals assigning two errors:

"ASSIGNMENT OF ERROR NO. I.
THE TRIAL COURT ERRED IN DISMISSING THE INDICTMENT WHEN THE INFOR-MATION REQUESTED BY THE APPELLEE WAS IN THE POSSESSION OF THE APPEL-LEE AND THERE WAS NO SHOWING OF PREJUDICE RESULTING FROM ANY ACTION OF THE STATE.

"ASSIGNMENT OF ERROR NO. II.
EVEN IF THERE WAS A VIOLATION OF CRIMINAL RULE 16. THE TRIAL COURT ERRED BY FAILING TO IMPOSE THE LEAST SEVERE SANCTION."
I.

The trial court explains his rationale in the judgment entry from which the appeal is prosecuted:

"The court upon review of the record finds that on the 5th day of July a request for discovery was made upon the prosecution requesting evidence favorable to the accused. In a response to the request for discovery the prosecution on September 21, 1989, filed a response stating there was no exculpatory evidence. On October 10, 1989, the Court finds that a specific motion for exculpatory statements of Bill Crites was filed. The Court finds that the specific motion for exculpatory statements by Crites was never responded to by the prosecution.

"In response to the defendant's assertions of failure to reveal the exculpatory statement by the State, the prosecutor stated he was unaware of the statement. The defendant called as a witness Deputy George Gibson who stated he had taken the exculpatory statement from Bill Crites on March 26, 1989, and had later taken a second statement from Bill Crites implicating the defendant in the crime taken on April 4, 1989. The deputy stated that the prosecution had never contacted him concerning any exculpatory statements nor had he ever contacted the prosecution concerning exculpatory statements. The exculpatory statement was not made available until after discovered by the defendant, some eight months - after the statement was taken.

"The Court finds that due process has been violated.

"Under the circumstances, the Court finds the defendant's request to dismiss said case with prejudice to be well taken. It is therefore the order, judgment and decree of this Court that the charge against the defendant be dismissed with prejudice."

This case involves the failure to provide discovery to the defendant-appellee of statements given by a witness, William Crites. Reduced to their simplest denominators the first statement executed by Crites on March 26, 1989 alleged that the appellee assaulted the victim but did not demand his wallet. In a later statement to police, April 4, 1989, Crites stated that the defendant both assaulted the victim and demanded his wallet.

The defendant requested exculpatory discovery on July 5, 1989. The prosecutor replied in September that there was no exculpatory evidence in the case. Thereafter on October 10, 1989 the appellee requested further exculpatory or contradictory statements of the witness Crites. The prosecution did not respond to the motion and on November 28, 1989 the case was called for trial. Thereupon, defense counsel moved for dismissal with prejudice based upon the claim that the original exculpatory statement given eight months earlier was not disclosed.

The prosecuting attorney's office was not notified of the existence of the original statement, and because Crites did not appear at the

preliminary hearing or the grand jury and did not appear for questioning in preparation for trial the prosecutor did not learn of the original statement from its author.

The defendant-appellee did procure the statement at an undetermined date and had it in possession at the time of trial.

Appellee claims no prejudice from the failure of the prosecutor to provide requested discovery.

The record clearly supports the conclusion of the trial court that the government failed in its essential duty to disclose evidence favorable to the defendant. See Crim. R. 16(B)(1)(f).

Where the issue is exculpatory evidence the prosecutor may not hide behind the shield of innocence, claiming that the police failed to advise him of such evidence. Whether the non-disclosure is the responsibility of the officer or the prosecutor makes no difference. It is the government's failure that denies the accused the process due him. *U.S. v. Fairman* (1985), 769 F.2d 386.

We agree with the rationale in *Carey v. Ducksworth* (1984), 738 F.2d 875, suggesting that the requirements of *Brady v. Maryland* (1963), 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed. 2d 215, placed an affirmative duty of investigation upon the prosecutor.

Neither lack of prejudice to the defendant nor innocence of the prosecutor excused the violation of the disclosure rule.

The State claims favor of *State v. Parson* (1983), 6 Ohio St. 3d 442, 453 N.E. 2d 689. It is clear that the trial court did not find the prosecutor had acted in willful violation of Crim. R. 16. His concern is directed to the law officer.

"I think there is an obligation here. I think the past cat and mouse game is over. I think all information available should be turned over, particularly since there has been a request and you made the request in this case. I don't think we have to go to the Supreme Court for any rulings. I think we can look to the criminal rules of the State of Ohio, particularly Criminal Rule 16 which states in very clear, precise language what needs to be done. I don't think the prosecutor's office knew there was this original statement until you presented it to them. I think if you are going to find fault, the fault is with the investigating and arresting officer. If any fault that is where it is. I think they have the obligation to turn it over and I think failure to do that has taken away certain rights." T. 24, 25.

In *State v. Parson*, the trial court, in the exercise of its discretion, admitted the unre-vealed statement into evidence. Here, the trial court elected to send a different message.

In a case argued this same date the convicted defendant challenges the exercise of discretion by the Tuscarawas County Common Pleas Court in admitting evidence not supplied pursuant to Crim. R. 16. *State v. Everhart* (July 23, 1990), Tuscarawas App. No. 89-AP-40036, unreported.

In that case as in this we perceive that the trial court is in far the better position to monitor the criminal process. When he elects to exercise discretion we are well advised to recognize and honor it in the absence of error of law. *State v. Everhart, supra.*

Concluding as we do that prejudice is not a necessary prerequisite for the imposition of sanctions under Crim. R. 16, we overrule the first assignment of error.

II.

Having ruled that the State violated the mandate of Crim. R. 16(B), the State nevertheless argues that the trial court erred in failing to impose a less severe sanction than dismissal of the charges.

Consistent with the principle enunciated in *Lakewood v. Papadelisas* (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138, we conclude that the trial court exercised its discretion in dismissing this case, recognizing no prejudice to the defendant.

It is the obvious and clear intent of the trial court to send a message to law enforcement within his community that violations of due process will not be tolerated. We trust this message is heard, and defer, as we did in *State v. Everhart, supra*, to the broad discretion of the trial court.

We find no abuse of discretion in either the determination of violation of the rule or the severe sanction imposed. *State v. Adams* (1980), 62 Ohio St.2d 151, 404 N.E.2d 144, and progeny.

The second assignment of error is overruled.

The judgment of the Tuscarawas County Common Pleas Court is affirmed.

PUTMAN, P.J., and GWIN, J., concur.