**The STATE of Ohio, Appellee,**

**v.**

**WILMOTH, Appellant.**

[Cite as *State v. Wilmoth* (1995), 104 Ohio App.3d 539.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 94–P–0036.

Decided June 12, 1995.

540

*Victor V. Vigluicci,* Portage County Prosecuting Attorney, and *Robert J. Andrews,* Assistant Prosecuting Attorney, for appellee.

*Edwin C. Pierce,* for appellant.

---

FORD, Presiding Judge.

Appellant, Frank D. Wilmoth, was found guilty, after a bench trial, of two counts of gross sexual imposition and one count of patient abuse. He was accorded two consecutive eighteen-month terms for the gross sexual imposition convictions and a concurrent six-month sentence for patient abuse. It is from these sentences that he appeals raising the following sole assignment of error:

"The trial court abused its discretion and/or denied the defendant due process of law under his Sixth Amendment right to present a defense by excluding the testimony of a vital witness."

On February 19, 1993, a ten-count indictment was handed down against appellant charging him with two counts of rape, two counts of felonious sexual penetration, two counts of gross sexual imposition, three counts of patient abuse and one count of assault of a functionally impaired person. The indictment was amended on March 19, 1993, adding an additional count of patient abuse and an additional count of gross sexual imposition. All of the charges arose from his alleged improper acts with four mentally retarded adult patients who lived with appellant and his wife.

The matter was tried to the bench on April 12 and 13, 1994. Appellant was convicted of three of the twelve charged offenses (two counts of gross sexual imposition and one count of patient abuse), and not guilty of the remaining nine counts.

At the trial, appellant sought to elicit testimony from his personal physician, Dr. David J. Miller. Appellee objected, claiming that it had not received timely notice of this witness:

"MR. MULDOWNEY: Your Honor, for the record, I want to object to this Witness being called. This is the second professional that the defense has called that I have got no notice on. I have a piece of paper—this is what I got, this is the notice I got. This is the medical report of whatever he's going to testify dated April 11, at 1:30 when I was out of the office preparing for a jury trial, the court is aware the Jury was at this time [*sic* ], the defense had requested to withdrawal [*sic* ] the Jury trial and I got this and I'm marking it as an Exhibit from the Defendant and I didn't get it until the next day when we were ready for trial. This is the information I have. I don't know what he's going to testify to. I don't know who he is, I don't know whether there is [*sic* ] any medical reports,

none of this information has been provided to me and just for the record the State has filed more than one motion for reciprocal discovery, motion to compel discovery, I have not got it. I think it's highly unfair for me to attempt to cross-examine someone, especially a Doctor, when I get that type of notice, so I'm objecting to that person being called.

"MR. PIERCE: Your honor, may it please the Court, I think that the rule says that when you learn that you intend to call a Witness that you must notify the State of that. I never talked to Dr. Miller under any occasions [*sic* ] until the morning that I delivered that notice to Mr. Muldowney. That's the first time I talked to him and that's the first—"

The court sustained the objection and excluded this witness's testimony.

"THE COURT: The Court is going to sustain your objection and not permit the testimony here.

"This could have been more timely done so these gentlemen had an opportunity to respond."

Appellant's attorney then made the following proffer for the record:

"I think the record should reflect that I first talked to Dr. Miller on April 11, 1994 in his office and learned from him for the first time that he could support a claim of impotency on the part of my client [the appellant].

"I then left his office and drove to the Portage County Prosecutor's Office where I then notified the Prosecutor that he would be a Witness in the case.

"Prior to that time, I had no verification from Dr. Miller that he would verify the claim of impotency.

"I knew that such a claim was made in the case. Because of my schedule, because of the numerous witnesses involved in the case and the fact the preparation of the case, I was not able to interview Dr. Miller until the time I did.

"And there was also some question in my mind based upon my interview with my client in the past as to whether or not Dr. Miller could possibly verify that his claims [*sic* ] of impotency to regard of my client.

"When I found he could, I made a point to notify the Prosecutor of that fact.

"Dr. Miller, if called to testify, would testify that my client is indeed impotent. And that is, that he's unable to get an erection and that he is—and without an erection, a person is unable to have an emission.

"Dr. Miller was also prepared to testify that in his opinion the act testified to by [one victim], that [appellant] had an erection, that he inserted it in her half way, that had an emission then [*sic* ] she got off the bed and went to the bathroom and put the erection between her legs, would not be within reasonable

medical certainty, couldn't possibly have been committed by my client since he was impotent.

"Therefore, I object to the Judge's ruling that he cannot testify and because it was no intention to deprive the Prosecutor or no intention to cause concealment of this Witness in any way.

"It wasn't until I intended an ordering [sic] to the rule until I—that I notified the Prosecutor over this particular Witness."

Crim.R. 16(C)(1)(c) requires that the defendant, upon request, provide the prosecution the names of all witnesses which he intends to call at the trial. Furthermore, under paragraph (D) of the rule, the parties have a continuing duty to disclose newly discovered materials.

"If, subsequent to compliance with a request or order pursuant to this rule, and prior to or during trial, a party discovers additional matter which would have been subject to discovery or inspection under the original request or order, *he shall promptly * * * notify the other party or his attorney * * * in order to allow * * * the other party to make an appropriate request for additional discovery or inspection.*" (Emphasis added.) Crim.R. 16(D).

From the proffer, this court is able to glean that appellant's counsel complied with the spirit of the rule. He indicated that he had attempted to discuss this with the witness but was unable to do so until the day before trial. He averred that upon learning of Dr. Miller's proposed testimony, he immediately notified the prosecutor's office.

At this juncture, it should be noted that the prosecution in part contributed to the timing difficulties. It was on notice, albeit late, of appellant's intent to introduce this witness, yet it failed to present its objection to the court before the trial began.[1] Had it done so, the trial court could have easily continued the commencement of the defense case to afford appellee the necessary time to undertake additional discovery

Additionally, assuming that the trial court, in exercising its sound discretion, properly elected to sanction appellant's counsel for this late notification, it was required to assure that the appellant's constitutional rights were not violated by the sanction imposed. Specifically, if a party fails to comply with the discovery order, Crim.R. 16(E) provides:

"(3) *Failure to Comply.* If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this

---

1. As a result of appellee's delay, counsel for appellant could easily have concluded that appellee would not be objecting to Dr. Miller's testimony and, therefore, he was not obligated to notify the court of this witness.

rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." (Emphasic *sic.*)

The seminal case on this issue is *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138. In paragraph two of the syllabus, the *Papadelis* court held:

"A trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, *must impose the least severe sanction that is consistent with the purpose of the rules of discovery.*" (Emphasis added.)

 As noted in *Papadelis*, the exclusion of a defense witness may violate a defendant's due process rights infringing upon his Sixth Amendment right to present a defense.

"We recognize that a state's interest in pretrial discovery may be compelling. Notwithstanding that interest, any infringement on a defendant's constitutional rights caused by the sanction must be afforded great weight. Consequently, a trial court must impose the least drastic sanction possible that is consistent with the state's interest. *If a short continuance is feasible and would allow the state sufficient opportunity to minimize any surprise or prejudice caused by the noncompliance with pretrial discovery, such alternative should be imposed. Even citing defense counsel for contempt could be less severe than precluding all of the defendant's testimony.*" (Emphasis added.) *Papadelis* at 5, 511 N.E.2d 1138.

 The factors to be considered by the court before imposing a sanction under Crim.R. 16(E)(3) include:

"[ (1) T]he extent to which the prosecution will be surprised or prejudiced by the witness' testimony, [ (2) ] the impact of witness preclusion on the evidence at trial and the outcome of the case, [ (3) ] whether the violation of the discovery rules was willful or in bad faith, and [ (4) ] the effectiveness of less severe sanctions." *Papadelis* at 5, 511 N.E.2d 1138.

While the record reflects that the court conducted an inquiry into this matter, we are not persuaded that the court imposed the least severe sanction as required under the rule.

The *Papadelis* court concluded:

"We emphasize that the foregoing balancing test should not be construed to mean that the exclusion of testimony or evidence is never a permissible sanction in a criminal case. It is only when exclusion acts to completely deny defendant

his or her constitutional right to present a defense that the sanction is impermissible." (Emphasis added.) *Id.*

The sanction of the nature imposed by the trial court, *sub judice*, penalized the defendant for possible or actual lack of timely efforts of counsel and for a matter over which he had no control. Such a result is violative of one of the underlying purposes of the discovery rules—the accused's right to a fair trial and in particular his Sixth Amendment right to present a defense.

The trial court had before it other viable, less severe, options, including continuing the matter and/or citing defense counsel for contempt rather than the ultimate sanction which it imposed. Additionally, as this matter was tried to the court, rather than before a jury, and the state had rested, the concerns normally associated with a continuance were more minimal. Therefore, we conclude that under these circumstances, the trial court abused its discretion by preventing the witness from testifying, and appellant's assignment is with merit.

For the foregoing reasons, the decision of the trial court is reversed, and this matter is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

NADER and CACIOPPO, JJ., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.