OPINION
Defendant-appellant, Wayne Peters, appeals his conviction for child endangering under R.C. 2919.22(A). Peters complains that the trial court erred in not granting his motion for a mistrial based upon an alleged discovery violation. Peters also complains that the trial court erred in not granting his motion to dismiss the charges under Crim.R. 29 and in entering a guilty verdict that was against the manifest weight of the evidence.
On January 29, 1996, Peters was in charge of thirteen-month-old Keith Douglas when the child was seriously scalded. About 4:00 p.m. that afternoon, Peters contacted the child's mother at work and told her that the child had been burned by hot water during his bath. When Kimberly Douglas got home, she discovered that Keith had developed blisters on his legs and immediately took the child to an emergency room. The treating emergency room physician transferred the child to Shriner's Burn Hospital in Cincinnati. Dr. David Greenhall later testified that Keith had deep second and third degree burns beginning at mid-abdomen and extending down to the bottoms of his feet.
On the night the scalding occurred, Peters told Fairfield Police Detective Tom Shobe that he ran water for Keith's bath, checked the water, placed Keith in the bathtub, and left the room for between three and five minutes to smoke a cigarette. The day after the scalding incident, Peters went to the Fairfield Police Department and gave officers oral and written statements. In Peters' later statements he indicated that he had lied when he said he had checked the water temperature before placing Keith in the bathtub. He also claimed that he only left the bathroom momentarily to get a towel.
Authorities subsequently charged Peters with two counts of child endangering under R.C. 2919.22(A) and R.C. 2919.22(B)(2). The first count charged Peters with recklessly creating a substantial risk to a child's health by violating a duty of care. The second count charged Peters with recklessly torturing or cruelly abusing a child. Both counts contained physical harm specifications. After a trial on May 30, 1996, a jury found Peters guilty of the first charge and not guilty of the second charge. The trial court sentenced Peters accordingly.
On appeal, Peters sets forth three assignments of error. He complains under his first assignment of error that the trial court abused its discretion in refusing to grant a mistrial after his attorney discovered that his copy of Peters' written statement to police did not contain all the information in the original. This court disagrees.
In compliance with Crim.R. 16(B)(1), the state provided Peters with access to a summary of his oral statements to police and to a written statement. The copy of the written statement Peters' attorney obtained was not photocopied correctly and did not include information written on the back of the last page of the original. Printed language at the bottom of the third page stated it was the last of three pages. The handwritten statement, however, also clearly indicated the statement was continued on the back of that page. Peters' trial counsel discovered that his copy of the statement was incomplete during the state's presentation of its case. In the portion of his statement omitted from Peters' copy, Peters acknowledged that he had lied about checking the water before placing the child in the bathtub.
Peters' defense counsel asked the court to declare a mistrial based on the information missing from his copy of Peters' statement. Defense counsel acknowledged that the failure to copy the entire statement was inadvertent, and he admitted that he shared responsibility for the mistake. Defense counsel also indicated that he was not surprised by the information on the back of the third page of the statement, noting that he had indicated in his opening argument that his client had originally lied to police about the circumstances surrounding the scalding. Defense counsel also could not explain how he was prejudiced by the copying error, and defense counsel did not ask for a continuance to consider the additional information on the back of the statement. The trial court denied Peters' request for a mistrial.
If a party fails to comply with the criminal discovery rules, "the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." Crim.R. 16(E)(3). The imposition of sanctions for discovery violations, however, is generally within the sound discretion of the trial court. State v. Harcourt (1988), 46 Ohio App.3d 52,54.
Initially, it is unclear that the state committed any discovery violation. No one suggests that the state wilfully provided Peters with an incomplete copy of his statement, or that the state drafted the statement so that defense counsel would overlook information on the back of the last page. Assuming, however, that the state was responsible for Peters' incomplete copy of his written statement, the trial court had discretion on whether or not to impose sanctions. Peters could not explain how he was prejudiced by the incomplete copy of his statement. Under these circumstances, the trial court did not err in refusing to grant Peters' request for a mistrial. Peters' first assignment of error is overruled.
Peters complains under his second assignment of error that the state's evidence was insufficient to support his conviction. Under his third assignment of error, Peters complains that his conviction was against the manifest weight of the evidence. In the past this court might have addressed these two assignments together in reliance upon State v. Jenks (1991), 61 Ohio St.3d 259,273 ("Thus, in reviewing both the weight and sufficiency of the evidence, the same test is applied. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of facts"). The supreme court recently established, however, that "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins (1997), 78 Ohio St.3d 380, 386. This court will therefore address each assignment of error separately.
Peters complains under his second assignment of error that the state failed to present sufficient evidence to support a conviction. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." Jenks at paragraph two of the syllabus. In making this inquiry the appellate court views the evidence in a light most favorable to the prosecution. Id.
R.C. 2919.22(A) provides:
 No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support.
Peters does not dispute that he was in control of Keith when he decided to give him a bath. The state produced evidence that Peters knew there had been problems with the water temperature in the apartment where the child was scalded. By Peters' own admission, he did not check the temperature of the water in the bathtub before placing Keith in the water. The state produced sufficient evidence to support Peters' conviction for child endangering under R.C. 2919.22(A). Peters' second assignment of error is overruled.
In his third assignment of error, Peters complains that his conviction was against the manifest weight of the evidence. The standard of review on whether a conviction is against the manifest weight of the evidence is broader than the standard in reviewing the sufficiency of the evidence. See Thompkins at 387. "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id., quoting State v. Martin (1983), 20 Ohio App.3d 172,175. In reviewing the weight of the evidence, the reviewing court is not required to view the evidence favorably to the prosecution, but may consider and weigh all of the evidence produced at trial; the only special deference given in a manifest weight review attaches to the conclusion reached by the trier of fact. Thompkins at 390 (concurring opinion citing State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus).
This court has thoroughly reviewed the entire record and concludes that Peters' conviction for child endangering under R.C.2919.22(A) is not against the manifest weight of the evidence. Peters' third assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.