DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Ottawa County Municipal Court, which entered judgment on a jury verdict finding appellant Susan Canada guilty of driving while under the influence of alcohol ("DUI"). Because we find that the trial court abused its discretion in excluding appellant's expert testimony, we reverse the judgment of the trial court.
 {¶ 2} On December 2, 2000, appellant was arrested in Ottawa County for driving under the influence of alcohol. After a breath test indicated that her alcohol concentration was .123, appellant was charged under R.C. 4511.19(A)(1) (driving while under the influence of alcohol) and 4511.19(A)(3) (driving with an alcohol concentration of .10 or greater).
 {¶ 3} In March 2001, the parties represented to the court that discovery had been completed. Nevertheless, on Thursday, July 12, 2001, appellant's attorney orally informed the state that the defense intended to call an expert, Robert Bellotto, to testify at trial. Defense counsel then faxed this information to the state later the same day. Trial began on July 17, 2001. Immediately before the state rested, it moved to exclude Bellotto's testimony. The state advanced several reasons for excluding the testimony; as relevant to this case, the state argued that the testimony should be excluded under Crim.R. 16(E)(3) since the defense had not timely disclosed the name of this expert or the nature of his testimony. According to the state, its case would be prejudiced if the testimony were allowed since the state did not have time to prepare for cross-examination of the expert.
 {¶ 4} The defense contended that the motion should not be granted because Crim.R. 16 imposed no duty upon the defense to disclose the expert's name. The defense acknowledged that it has a reciprocal duty to disclose in discovery, upon request, any information that it requested from the state; however, according to the defense, it did not request this type of information from the state. The trial court inquired into whether the defense believed it would have a reciprocal duty to disclose the name of the expert in a timely fashion since the defense had requested discovery from the state seeking, "Results of chemical or scientific tests or experiments made in connection with this case * * *." Defense counsel indicated that he was not under such a reciprocal duty because the expert was not going to testify about a scientific test or experiment. According to defense counsel, the expert was simply going to testify about his own calculation of appellant's alcohol concentration using data provided to him about appellant's physical characteristics, the amount of alcohol she consumed in the given period of time, and so forth.[1]
 {¶ 5} The trial court concluded that Crim.R. 16 applied and that the defense's request for discovery from the state for the results of any scientific or experimental tests imposed upon the defense the reciprocal duty of disclosing the name of its expert to the state in a timely manner. Therefore, the trial court excluded the expert's testimony for failing to disclose the expert's name in a timely manner. According to the trial court, such a ruling was in keeping with the spirit of the discovery rules for criminal cases. However, the trial court also twice made mention on the record during the discussion of this motion that this was not the first time that defense counsel had been involved in situations such as this one.[2] The court allowed the defense to make a proffer of the expert's testimony.
 {¶ 6} Following deliberation, the jury found appellant guilty of both charges. Pursuant to the state's request, the court sentenced appellant only on the R.C. 4511.19(A)(3) charge (driving with an alcohol concentration of .10 or greater). Appellant now appeals, setting forth the following assignment of error:
 {¶ 7} "The trial court erred in excluding the testimony of appellant's expert on the basis that appellant had only given appellee five days notice of the identity of the expert and the subject matter of the expert's testimony and the information provided the state relative to the subject matter was insufficient to satisfy the requirements of the rules of discovery."
 {¶ 8} It is well-established that a trial court has discretion to admit or exclude evidence at trial, and a reviewing court should not reverse such a decision absent an abuse of discretion. State v. Myers,97 Ohio St.3d 335, 2002-Ohio-6658, at ¶ 75, reconsideration denied, 2002-Ohio-7367. The Supreme Court of Ohio has stated that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 9} The Ohio Supreme Court has addressed this sanction issue before. See Lakewood v. Papadelis (1987), 32 Ohio St.3d 1. The court recognized that, in fashioning a proper sanction for discovery abuse in criminal cases, trial courts must consider several competing interests: the defendant's Sixth Amendment right to present a defense, the state's interest in discovery, and the purposes of the criminal discovery rules. Id. Therefore, the Ohio Supreme Court developed a "balancing test" for determining a proper sanction. The premise of the test is that the trial court should choose the "least drastic sanction possible that is consistent with the state's interest." Id. at 5. In choosing the sanction, the trial court must consider all of the surrounding circumstances, and it should consider the following factors:
 {¶ 10} "the extent to which the prosecution will be surprised or prejudiced by the witness' testimony, the impact of witness preclusion on the evidence at trial and the outcome of the case, whether violation of the discovery rules was willful or in bad faith, and the effectiveness of less severe sanctions." Id. If, after considering the factors, the court concludes that exclusion is proper, exclusion is not impermissible unless the exclusion "acts to completely deny defendant his or her constitutional right to present a defense." Id. However, in deciding on the "least drastic sanction" consistent with the state's interest, the court should also recognize that,
 {¶ 11} "[i]f a short continuance is feasible and would allow the state sufficient opportunity to minimize any surprise or prejudice caused by the noncompliance with pretrial discovery, such alternative sanction should be imposed. Even citing defense counsel for contempt could be less severe than precluding all of the defendant's testimony." Id.
 {¶ 12} In this case, the trial court stated that it considered theLakewood factors and expressly considered whether a continuance was appropriate. Noting how long the case had been pending and how much time had passed since discovery was supposedly complete, the trial court decided against continuing the case. However, it is also evident in the record that, in fashioning a sanction, the court considered that defense counsel had been previously involved in situations involving late notice, and the court indicated that some "direction from the Court would be appropriate." The record thus creates an inference that the trial court sanctioned the defense for counsel's past behavior, behavior over which appellant had no control. At least one court has held that such a sanction violates one of the purposes of the discovery rules — to afford a criminal defendant a fair trial — and also violates the defendant's right to present a defense. State v. Wilmoth (1995),104 Ohio App.3d 539, 545, jurisdictional motion overruled (1995),74 Ohio St.3d 1456. Therefore, in this case, sanctioning the attorney would have been a less severe option than sanctioning appellant by excluding her evidence.
 {¶ 13} Additionally, there is no reason evident in the record why a short continuance would not have been effective to protect the state's interests. In fact, had the state made its motion in a timely manner, that is, before a jury was seated and the trial had begun, a continuance for a brief period would have been only minimally disruptive. SeeWilmoth, 104 Ohio App.3d at 543. We therefore find that at least two less severe sanctions would have been appropriate.
 {¶ 14} Further, the exclusion of this evidence had a great impact on appellant's case. Without the expert testimony, appellant had little, if anything, in the way of a defense. She had only her and her sister's testimony about how much appellant ate and drank, the times at which she did so, and the time at which she took ibuprofen for pain in her knee. The state had the testimony of the officer, the tape of the stop, and the results of the breath test. With no manner of rebutting or explaining the results of the breath test, appellant was severely hampered in her defense. We therefore find that, applying Lakewood, the trial court should have imposed a sanction short of exclusion.
 {¶ 15} In making its decision to exclude the testimony, the court indicated that it relied on our decision in State v. Itzo (May 22, 1998), Ottawa App. No. OT-97-018. Itzo, like the instant case, involved DUI and exclusion of expert testimony because of late disclosure. We applied Lakewood. In Itzo we held that, since a trial court has discretion to admit or deny evidence, and since exclusion of the evidence did not "completely deny" appellant his right to present a defense, the trial court did not abuse its discretion.
 {¶ 16} We believe that the instant case is different than Itzo for two reasons. First, in this case, we believe that exclusion of the evidence in question would deny appellant's right to present a defense. Second, in this case, unlike in Itzo, the record contains evidence that the trial court imposed the sanction that it did because defense counsel had been involved in late discovery situations on earlier occasions. Therefore, in this case, the natural and less severe sanction would have been to sanction the attorney, not appellant.
 {¶ 17} Because we find that less severe sanctions could have been effective, we find that the trial court abused its discretion in excluding appellant's expert testimony.
 {¶ 18} Upon consideration whereof, we find that substantial justice has not been done the party complaining, and the decision of the Ottawa County Municipal Court is reversed. This case is remanded to the trial court for a new trial. Costs assessed to appellee.
 JUDGMENT REVERSED.
Knepper and Glasser, JJ., concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Appellee now points out that the defense had also requested in its discovery to the state that the state produce the names of any experts who would be called to testify about "blood, breath, or urine tests" performed on appellant. This discovery request is a part of the record below; however, the trial court did not inquire of the defense whether its request for the names of the state's experts created a duty upon the defense to produce the name of its experts.
[2] On one occasion, after listening to counsel's arguments on the motion, the trial court stated, "And this is an issue I think too that [defense counsel] frankly has been involved in in the past and perhaps some direction from the Court would be appropriate at this time." Later, after announcing his decision, the trial court stated in a discussion with defense counsel, "I'm very reluctant in applying that [the sanction of exclusion], but this has happened on more than one occasion. On more than one occasion."