DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of felonious assault. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following as his sole assignment of error:
 {¶ 3} "The guilty verdict should be overturned because the state withheld prejudicial evidence until the trial which denied appellant his right to due process and fair trial."
 {¶ 4} On December 4, 2001, appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1). Appellant entered a plea of not guilty and the case came to trial before a jury on June 11, 2002. During its case in chief, the state moved to introduce into evidence two photographs of the victim which had been taken the day after the assault. Defense counsel objected, stating that the photographs had not been provided in response to her request for discovery and that they were unfairly prejudicial. The prosecutor responded that he had just received the photographs that morning from another prosecutor who had been using them in the trial of another individual charged with involvement in the same assault. The trial court overruled the objection and the photographs were admitted into evidence. The jury returned a verdict of guilty and appellant was sentenced to four years incarceration.
 {¶ 5} Appellant now argues that the prosecutor's failure to disclose the photographs prior to trial hindered his preparation for trial. He also asserts that if he had seen the photographs or had been aware of their existence sooner he would have been in a position to make a more informed decision as to a plea offer made by the state prior to trial and might not have rejected the offer.
 {¶ 6} Appellant does not argue that the state failed to provide him with a copy of the victim's medical records or that he had no knowledge of the extent of her injuries, which were clearly detailed in her hospital records. His defense at trial was simply that he did not commit the assault.
 {¶ 7} Crim.R. 16(A) states that upon written request each party shall provide discovery as set forth in the rule. In Lakewood v.Papadelis (1987), 32 Ohio St. 1, the Supreme Court of Ohio held that:
 {¶ 8} "A trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery."
 {¶ 9} In this case, the prosecutor explained that he did not have possession of the photographs until the morning of trial. After a brief inquiry, the trial court determined that exclusion of the evidence was not necessary as long as the victim was able to properly identify the photographs. When the victim was shown the photographs, she identified them as a fair and accurate picture of her injuries after the assault.
 {¶ 10} While failure to provide the photographs before trial arguably constituted a discovery violation, we note that the imposition of sanctions for discovery violations is generally within the discretion of the trial court. State v. Harcourt (1988), 46 Ohio App.3d 52. Appellant in this case argues that the guilty verdict should be overturned because the state withheld prejudicial evidence. Based on a review of the record of proceedings in this case, however, including the transcript of appellant's trial, we find that appellant has not shown that the trial court erred by not excluding the photographic evidence or that he was prejudiced by admission of the photographs into evidence. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 11} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Arlene Singer, J. CONCUR.