OPINION
{¶ 1} Defendant-appellant, Lamarr E. Barnes, appeals from multiple judgments of the Franklin County Municipal Court finding him guilty of one count of driving under the influence of alcohol or drugs ("DUI") in violation of Columbus City Code 2133.01, and one count of disorderly conduct in violation of Columbus City Code 2317.11(B)(1) and sentencing him accordingly. Because the city failed to establish that appellant violated Crim.R. 16(A), and because the trial court's exclusion of all appellant's witnesses denied appellant his Sixth Amendment right to present a defense, we reverse and remand.
 {¶ 2} In the early morning hours of June 2, 2002, appellant was stopped by a Columbus Police Officer while driving on Studer Avenue just south of East Livingston Avenue. As a result of that stop, appellant was charged in Case No. 2002-TRC-156756 with DUI in violation of Columbus City Code ("CCC") 2133.01, driving with expired license plates in violation of CCC 2135.07, driving without an operating license in violation of CCC 2135.01, driving while under suspension in violation of CCC 2135.01(B)(1) and (2), and failure to wear a seat belt in violation of R.C. 4513.263. Also, as a result of that stop, appellant was charged in Case No. 2002-CRB-014157 with one count of disorderly conduct in violation of CCC 2317.11(B)(1).
 {¶ 3} Appellant entered not guilty pleas to all charges and requested a jury trial. On June 7, 2002, appellant's counsel entered a notice of appearance on appellant's behalf and filed a request for discovery from the city. Thereafter, a pretrial was held at which time the trial court set a trial date of August 20, 2002.
 {¶ 4} On August 16, 2002, appellant requested a continuance of the August 20, 2002 trial date due to the city's failure to provide him discovery. The trial court granted appellant's request and rescheduled the trial for September 17, 2002. On September 16, 2002, appellant requested another continuance of the trial date. This time appellant's counsel asked for a continuance due to a scheduling conflict and because he was unable to interview two witnesses. The trial court granted appellant's request and rescheduled the trial for October 22, 2002. On October 21, 2002, appellant again requested a continuance of the trial date to allow him additional time to interview witnesses. The trial court again granted appellant's request and rescheduled the trial for November 25, 2002. Finally, on November 22, 2002, appellant requested his fourth continuance of the trial date. Again, appellant's counsel asserted that he needed additional time to locate witnesses. The trial court granted appellant's request and set the trial date for December 30, 2002. All of appellant's continuance requests were approved by the city.
 {¶ 5} On December 27, 2002, the Friday before the December 30, 2002 trial date, appellant's counsel filed a document entitled "Response to State's Discovery Request." That document named five witnesses appellant would call at trial. Appellant's counsel also hand delivered the document to the city prosecutor's office. On the day of trial, the city prosecutor orally moved the trial court to exclude all of appellant's witnesses due to appellant's purported failure to timely provide the prosecutor with the names of these witnesses. In response, appellant orally moved for a continuance. After denying appellant's request for a continuance, the trial court granted the prosecutor's request to exclude appellant's witnesses from testifying. Subsequently, appellant pled no contest to one count of disorderly conduct and one count of DUI. The trial court dismissed the remaining charges. Appellant was then sentenced accordingly.
 {¶ 6} Appellant appeals, assigning the following assignment of error:
The trial court abused its discretion in granting the state's motion prohibiting defendant's witnesses from testifying in violation of the Sixth andFourteenth Amendments to the United States Constitution and ArticleI, Section 10 of the Ohio Constitution, and as a result rendered counsel for defendant ineffective.
 {¶ 7} Appellant contends that the trial court abused its discretion in granting the city's request to exclude all of his witnesses. The imposition of sanctions for discovery violations, pursuant to Crim.R. 16(E)(3), is generally within the sound discretion of the trial court. State v. Harcourt (1988), 46 Ohio App.3d 52, 54. Accordingly, our inquiry is limited to a determination of whether the trial court's action in this case constituted an abuse of that discretion. State v. Parson (1983), 6 Ohio St.3d 442, 445; see, also, State v. Adkins (1992), 80 Ohio App.3d 211, 218. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Montgomery (1991), 61 Ohio St.3d 410, 413.
 {¶ 8} Appellant argues that the trial court abused its discretion in excluding all of his witnesses because he did not violate any discovery provision. Crim.R. 16(A) provides that "[u]pon written request each party shall forthwith provide the discovery herein allowed." Appellant argues that, although he disclosed the identity of his witnesses to the prosecution on the Friday before his Monday trial, he was under no duty to provide any discovery response because the city never submitted a written request for discovery. We agree. The city concedes it never submitted a written discovery request. Therefore, appellant was not in violation of Crim.R. 16(A).
 {¶ 9} Moreover, the Sixth Amendment to the United States Constitution, and Section 10, Article I, of the Ohio Constitution grant an accused the right to summon to trial witnesses on his or her behalf. When the state seeks to limit that right, it is the state which must demonstrate that appellant's acts have interfered with the orderly conduct of the criminal trial and that such interference has prejudiced the prosecution to the extent that the exclusion of witnesses is warranted. State v. Brown (Sept. 1, 1995), Wood App. No. WD-94-106. Here, the city simply failed to meet its burden because it failed to demonstrate that it had submitted a written discovery request thereby triggering appellant's obligation to "forthwith provide the discovery." Crim.R. 16(A). Appellant opposed the city's oral motion to exclude his witnesses thereby preserving the issue on appeal.
 {¶ 10} Appellant also argues that, even if the city had submitted a written discovery request and appellant's response was deemed untimely, the trial court abused its discretion by excluding all of appellant's witnesses rather than granting a short continuance. Again, we agree. "`A trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery.'" State v. Wilmoth (1995),104 Ohio App.3d 539, 544; see, also, Lakewood v. Papadelis (1987),32 Ohio St.3d 1, 5. In choosing a proper sanction, the trial court should consider "the extent to which the prosecution will be surprised or prejudiced by the witness' testimony, the impact of witness preclusion on the evidence at trial and the outcome of the case, whether violation of the discovery rules was willful or in bad faith, and the effectiveness of less severe sanctions." Lakewood, supra.
 {¶ 11} Here, the trial court's sanction completely denied appellant the right to present a defense by preventing all of his witnesses from testifying. The Lakewood court noted that the sanction of exclusion may infringe a criminal defendant's Sixth Amendment right to present a defense, "particularly where, as in this case, all the defendant's witnesses are excluded." Id. at 5. In Lakewood, the trial court excluded all of a criminal defendant's witnesses in response to counsel's failure to provide the witnesses' names in pretrial discovery. The court reversed that decision, noting that, while exclusion in response to a discovery violation can be a proper sanction, it is not proper "when exclusion acts to completely deny defendant his or her constitutional right to present a defense." Id.; see, also, State v. Itzo (May 22, 1998), Ottawa App. No. OT-97-018 (noting that exclusion impermissible when it acts to completely deny defendant right to present a defense); State v. Canada, Ottawa App. No. OT-01-036, 2003-Ohio-481, at ¶ 16 (reversing exclusion of evidence which denied defendant's right to present a defense). By excluding all of appellant's witnesses, the trial court's sanction in this case completely denied appellant the right to present a defense and, therefore, was impermissible. Lakewood, supra.
 {¶ 12} Appellant argues that the trial court could have granted a short continuance to allow the city to talk to his witnesses before trial rather than exclude the witnesses. We agree. "If a short continuance is feasible and would allow the state sufficient opportunity to minimize any surprise or prejudice caused by the noncompliance with pretrial discovery, such alternative sanction should be imposed." Lakewood, supra. Although we understand the trial court's frustration with the length of time it took to get this case ready for trial, both the city and the trial court approved all continuances. In fact, the continuances accomplished their purpose; appellant was prepared with witnesses at the December 30, 2002 trial date. A short continuance of even a few hours would have allowed the city to talk to appellant's witnesses and to check the background of those witnesses, thereby minimizing any possible prejudice.
 {¶ 13} Because the city failed to establish that appellant violated Crim.R. 16(A), and because the exclusion of all appellant's witnesses denied appellant his Sixth Amendment right to present a defense, the judgment of the Franklin County Municipal Court is reversed and this matter is remanded to that court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
BOWMAN and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.