JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Following a jury trial, defendant-appellant Demico Browner was convicted of felonious assault in violation of R.C. 2903.11(A)(1). Browner now appeals, bringing forth two assignments of error. Finding neither assignment to have merit, we affirm the trial court's judgment.
In his first assignment of error, Browner contends that his conviction was against the manifest weight of the evidence. We disagree.
When reviewing a weight-of-the-evidence question, an appellate court must review the entire record in this case, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[1] After reviewing the record in this case, we hold that the trial court did not lose its way and create a manifest miscarriage of justice. Although there were several people beating the victim, there was uncontested evidence that Browner hit the victim in the face and that the victim suffered a fractured jaw. The first assignment of error is overruled.
In his second assignment of error, Browner maintains that the trial court abused its discretion by denying his counsel's request to call a witness who had not been disclosed to the state during discovery.[2] We disagree. The witness, who had supposedly seen the fight between Browner and the victim, was known by Browner prior to trial and could have been disclosed to the state at the appropriate time. Additionally, defense counsel admitted that a witness that volunteered to testify at the last minute usually did more harm than good to the defense's case. Because the trial court did not abuse its discretion in denying counsel's request to call a previously undisclosed witness, we overrule the second assignment of error.[3]
Accordingly, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[2] See Crim.R. 16(C)(1)(c).
[3] State v. Harcourt (1988), 46 Ohio App.3d 52, 54, 546 N.E.2d 214
(imposition of sanctions for discovery violations, under Crim.R. 16(E)(3), is within sound discretion of trial court).