CITY OF LAKEWOOD, APPELLANT, *v.* PAPADELIS, APPELLEE.

[Cite as Lakewood *v.* Papadelis (1987), 32 Ohio St. 3d 1.]

(No. 86-1330—Decided August 5, 1987.)

2

*Michael E. Murman,* city prosecutor, and *John F. Corrigan,* for appellant.

*Dale F. Pelsozy* and *Barton M. London,* for appellee.

MOYER, C.J. The issue presented by this appeal is whether a moving party is required to file a motion to compel discovery before a trial court may impose sanctions pursuant to Crim. R. 16(E)(3) for failure to comply with discovery requests.[1]

The court of appeals held, based on *State* v. *Hicks, supra,* that Crim. R.

---

[1] Appellant raises, by supplemental brief, a similar problem as was raised in *State* v. *Berndt* (1987), 29 Ohio St. 3d 3, 29 OBR 173, 504 N.E. 2d 712. In *Berndt,* we

16 contemplates a two-step process. The first step requires a party to make a written request for discovery. If such request is not complied with, the second step requires a party to file a motion to compel discovery with the court. The court of appeals reasoned that a trial court has no authority to impose sanctions for failure to provide discovery absent a party's compliance with both of these steps. Papadelis cites Crim. R. 16(A) as support for this argument. Crim. R. 16(A) provides:

"Upon written request each party shall forthwith provide the discovery herein allowed. Motions for discovery shall certify that demand for discovery has been made and the discovery has not been provided."

This section states that a party must make a written request only prior to filing a motion with the court. It does not require that a motion be filed before a trial court may impose sanctions.

It is Crim. R. 16(E)(3) that provides sanctions and when they may be imposed. This section states:

"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply *with this rule or with an order* issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." (Emphasis added.)

It is apparent from the plain language of this section that the trial court has discretion to impose sanctions when "* * * it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule * * *." Therefore, the filing of a motion to compel discovery is not a prerequisite to the trial court's imposing sanctions pursuant to Crim. R. 16.

This holding is consistent with the purpose of the discovery rules. As this court stated in *State* v. *Howard* (1978), 56 Ohio St. 2d 328, 333, 10 O.O. 3d 448, 451, 383 N.E. 2d 912, 915, "[t]he philosophy of the Criminal Rules is to remove the element of gamesmanship from a trial." The purpose of discovery rules is to prevent surprise and the secreting of evidence favorable to one party. The overall purpose is to produce a fair trial. *State* v. *Mitchell* (1975), 47 Ohio App. 2d 61, 80, 1 O.O. 3d 181, 192, 352 N.E. 2d 636, 648.

In order to accomplish these purposes, Crim. R. 16 contemplates an informal step—that being the demand or written request for discovery of one party upon another party. It does not require court intervention. However, the fact that the court is not involved does not diminish the duty of the parties to comply with the rules at that point in the discovery process. As we have observed, Crim. R. 16(A) states: "Upon written request each party *shall* forthwith provide the discovery herein allowed. * * *" (Emphasis added.) The word "shall" has been consistently interpreted to make mandatory the provision in which it is con-

---

held that an appeal in a criminal case is moot if the defendant has completed his sentence and offered no evidence of collateral disability or loss of civil rights. We note that the facts of this case indicate that Papadelis was still on probation at the time the court of appeals rendered its decision.

Furthermore, the potential disability of higher insurance rates in *Berndt* was of an economic nature, whereas probation is penal in nature. Although Papadelis had paid his fine, the ongoing probation is a sufficient disability to overcome the mootness challenge.

tained, absent a clear and unequivocal intent that it receive a construction other than its ordinary meaning. *Dorrian* v. *Scioto Conserv. Dist.* (1971), 27 Ohio St. 2d 102, 56 O.O. 2d 58, 271 N.E. 2d 834, paragraph one of the syllabus. The rule does not grant discretion to a party to ignore a request of an opposing party until a court orders compliance. The provisions of Crim. R. 16 which permit the court to order compliance are triggered when a party fails to comply completely with a request or there is some confusion or disagreement as to what is discoverable. To this end, Crim. R. 16(B) and (C) specify the documents and tangible objects, reports of examinations, statements of the defendant, and other discoverable materials. These sections further outline the proceedings which a court may conduct to determine what information is subject to discovery. The presence of these sections does not lessen the mandatory duty of a party to comply with a discovery request. Most importantly, these sections do not in any way limit the authority of the trial court to impose sanctions for noncompliance.

Crim. R. 16(E)(3) provides a range of sanctions which the trial court, in its discretion, may impose on a noncomplying party. Papadelis urges us to find that the trial court's imposition of such a severe sanction was unwarranted under the circumstances of this case.

It is important to note that the sanction in this case was to exclude all the witnesses the defendant intended to call, other than the defendant himself. Defense counsel proffered the testimony of the two witnesses he was precluded from calling. Counsel stated that the caretaker of the building would have testified that he inspected the boiler located in the building on the date the violation allegedly occur-red. He found the boiler was set at seventy-five degrees and that it was fully operational. He would have further testified that heat was being adequately provided. Additionally, he would have explained that he went to Cinema Transit, the tenant that had complained about the heat, and found the building to be cool; that he brought the fact that the garage doors in the back had been left open all day to the attention of individuals at Cinema Transit; and that he had questioned them on a number of occasions and told them it was difficult to provide heat to these premises when the garage doors were left open because the building was not well insulated. Defense counsel also stated that he intended to call another witness who would have testified that she saw the garage doors open on February 6 and 7.

This testimony was obviously material and relevant to the offense charged. If this testimony were believed by the jury, Papadelis may have been acquitted of the charge. Accordingly, the effect of the sanction of exclusion imposed on Papadelis was to deny him the right to present a defense. In *Washington* v. *Texas* (1967), 388 U.S. 14, the United States Supreme Court held that the Sixth Amendment right to have compulsory process for obtaining witnesses is necessarily the right to present a defense:

"The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own

witnesses to establish a defense. This right is a fundamental element of due process of law." *Id.* at 19.

It is apparent that the sanction of exclusion may infringe on a criminal defendant's Sixth Amendment right to present a defense, particularly where, as in this case, all the defendant's witnesses are excluded. Note, The Preclusion Sanction—A Violation of the Constitutional Right to Present a Defense (1972), 81 Yale L.J. 1342. The courts of other states, when presented with the claim that exclusion of a criminal defendant's witnesses is too harsh a sanction, have held that the trial court must make an inquiry into the surrounding circumstances prior to excluding a party's witnesses. Before imposing the sanction of exclusion, the trial court must find that no lesser sanction would accomplish the purpose of the discovery rules and that the state would be prejudiced if the witnesses were permitted to testify. *State* v. *Mai* (1982), 294 Ore. 269, 656 P. 2d 315; *Richardson* v. *State* (Fla. 1971), 246 So. 2d 771; *People* v. *Williams* (1977), 55 Ill. App. 3d 752, 370 N.E. 2d 1261; *Borst* v. *State* (Ind. App. 1984), 459 N.E. 2d 751; *State* v. *Marchellino* (Iowa 1981), 304 N.W. 2d 252; *State* v. *Smith* (1979), 123 Ariz. 243, 599 P. 2d 199; *Fendler* v. *Goldsmith* (C.A. 9, 1983), 728 F. 2d 1181.

We adopt the rationale upon which the opinions of these courts is based and find that a trial court must inquire into the circumstances surrounding a violation of Crim. R. 16 prior to imposing sanctions pursuant to Crim. R. 16(E)(3). Factors to be considered by the trial court include the extent to which the prosecution will be surprised or prejudiced by the witness' testimony, the impact of witness preclusion on the evidence at trial and the outcome of the case, whether violation of the discovery rules was willful or in bad faith, and the effectiveness of less severe sanctions.

We recognize that a state's interest in pretrial discovery may be compelling. Notwithstanding that interest, any infringement on a defendant's constitutional rights caused by the sanction must be afforded great weight. Consequently, a trial court must impose the least drastic sanction possible that is consistent with the state's interest. If a short continuance is feasible and would allow the state sufficient opportunity to minimize any surprise or prejudice caused by the noncompliance with pretrial discovery, such alternative sanction should be imposed. Even citing defense counsel for contempt could be less severe than precluding all of the defendant's testimony. *United States, ex rel. Veal,* v. *Wolff* (N.D. Ill. 1981), 529 F. Supp. 713, at 722. We hold that a trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery.

We emphasize that the foregoing balancing test should not be construed to mean that the exclusion of testimony or evidence is never a permissible sanction in a criminal case. It is only when exclusion acts to completely deny defendant his or her constitutional right to present a defense that the sanction is impermissible.

In this case, the trial court did not indicate that it balanced the state's interests against Papadelis' Sixth Amendment right to present a defense by considering any sanction other than excluding the testimony of his witnesses. Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial

court for further proceedings consistent with this opinion.

SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

*Judgment reversed and cause remanded.*