### State v. James
*[Cite as 2 AOA 153]*

*Case No. 1-89-57*
*Allen County, (3rd)*
*Decided March 22, 1990*

*Crim. R. 16(E)*

*Mr. William F. Kluge, Attorney at Law, 124 South Metcalf Street, Lima, Ohio 45801, For Appellant.*

*Mr. David E. Bowers, Prosecuting Attorney, Mr. Jeffrey Reed, P.O. Box 1243, Lima, Ohio 45802, For Appellee.*

GUERNSEY, J.

This is an appeal by the defendant, Tommy L. James, from a judgment of the Court of Common Pleas of Allen County finding him guilty and sentencing him on two counts of aggravated drug trafficking, having been previously convicted of a drug abuse offense. The defendant assigns error as follows:

THE STATE'S FAILURE TO COMPLY WITH THE TRIAL COURT'S ORDER TO COMPEL AND CRIMINAL RULE 16 (D) AND THE TRIAL COURT'S FAILURE TO SANCTION THE STATE PURSUANT TO CRIMINAL RULE 16 (E) (3) WERE PREJUDICIAL TO THE DEFENDANT AND DENIED HIM THE OPPORTUNITY TO PREPARE A DEFENSE.

The following facts and circumstances pertinent to the assignment of error appear in the record.

On March 27, 1989, defendant served upon the prosecution a demand for discovery which, among other things, sought a written list of the names and addresses of all witnesses whom the prosecution intends to call at trial, together with any record of convictions of such witnesses.

On March 29, 1989, the prosecution responded to this demand, listing among the witnesses it intended to call, "Confidential

Informant, Lima/Allen County Drug Enforcement Agency, Lima, Ohio."

On April 28, 1989, defense counsel filed defendant's motion for an order compelling the State of Ohio to produce the name and criminal record of the confidential informant.

On May 2, 1989, the prosecution filed its "motion" under Crim. R. 16(B) (1) (e) certifying "that disclosure of the name and address of the confidential informant may subject said witness or others to physical or substantial economic harm or coercion."

On May 19, 1989, the prosecution filed its extensive memorandum contra the defendant's motion for disclosure of the name and address of the confidential informant and concluding that disclosure, prior to trial, of the informant's name and address is not vital to proof of any element of the offenses with which defendant was charged, and that such disclosure would not be helpful to the accused in preparing or making a defense.

On May 23, 1989, the trial court filed its journal entry reflecting a hearing on May 17, 1989, of defendant's motion to compel disclosure, and found on authority of *State* v. *Phillips* (1971), 27 Ohio St. 2d 294, and *State* v. *Williams* (1983), 4 Ohio St. 3d 74, that the court must balance competing interests and that there is reasonable ground to justify the belief that there could be a danger to the informant in this particular case. The court then ordered the prosecuting attorney to furnish to the defendant the name and criminal record of the informant *subject* "to the fact that if the Prosecuting Attorney certified to this Court that to do so may subject the witness to physical or substantial economic harm or coercion, then in such event the State and/or the Prosecuting Attorney shall move the Court to perpetuate the testimony of such witness in a hearing before the Court in which hearing the Defendant shall have the right of cross-examination of the said confidential informant." No transcript of proceedings as to the hearing of the motion on May 17, 1989, has been filed with this appeal.

On June 9, 1989, the prosecution filed its motion to grant "a protective order for Bridgette Wiggins" (the confidential informant), and on the same date the trial court ordered that the Lima, Ohio, Police Department or the Sheriff of Allen County, Ohio, provide protection for her "or take any other reasonable means that will assist the above departments in preventing or causing the cessation of a violation of R.C. 2921.04."

On June 12, 1989, trial commenced whereupon defense counsel moved for sanctions against the State of Ohio, to prohibit the informant from testifying, asserting that by Thursday, June 1st, he had still not been furnished the address and criminal record of the informant, that the prosecuting attorney had then advised him to come to his office on Friday morning, June 2nd at 9:00, at which time he could interview her. Defense Counsel asserted that when she did not appear at the office at that time the prosecuting attorney agreed to call defense counsel when he found her; that he heard nothing further until about 1:00 p.m. on Saturday, June 3d, when the prosecuting attorney called and advised him that she had been found at 4:30 on Friday but he had forgotten to give defense counsel a call; and that the prosecuting attorney then furnished defense counsel with her address, but there was no one there when he went to talk to her.

The prosecuting attorney then advised the court that the witness had no felony record, that her first name was known for some time to defense counsel because it "is loud and clear in the tapes;" that he contends that the defendant "full well knew, and probably knows better than the Court and myself, exactly where she resides, coming from the same general background;" and that she is now available in jury chambers where defense counsel can talk to her at his leisure before she testifies.

Defense counsel then advised the court that if it is going to grant him "that opportunity I am going to move the court for a reasonable continuance at the start of this trial to allow me some time to talk to her."

Thereupon the trial court, observing that the State was having difficulty in locating this particular witness as well as was defense counsel, overruled the motion for sanctions, advising defense counsel that the court would make the witness available during the times of recess, prior to the beginning of the State's case, but the matter would not be continued. On the representation of defense counsel that he would like to talk to the witness even before voir dire of the jury, and as the Court must take time out to swear in the grand jury, and that defense counsel "would like to have the opportunity to talk with her now," the trial court granted him "until 9:30" to do so, and then recessed until 9:30. It does not appear at what time the court recessed or at what time the court resumed, but in the interval defense counsel interviewed the witness.

Following the informant's testimony, which related to her making two different purchases of cocaine from the defendant while wired with a

hidden microphone, and while under the control and supervision of drug enforcement officers, the defendant renewed his motion for sanctions "to disqualify this witness' testimony;" the prosecution proffered that defense counsel had an opportunity to talk to her and talked to her, alone, for approximately one-half hour prior to the commencement of the case; the court overruled the motion observing that defense counsel was given opportunity to interview her for one-half-hour, that she did, in fact, talk to defense counsel, and that "there was never an indication by Defense counsel that he was not afforded sufficient time nor that this witness did not cooperate."

The privilege of informants as to anonymity pre-dates the adoption of our criminal rules being based on common law and constitutional principles and judicial decision.

In *Roviaro* v. *United States* (1957), 353 U.S. 53, the Supreme Court set forth the delicate balancing of our societal interest in the apprehension of criminals with the fundamental fairness that must be extended to those charged with crimes. As stated by Justice Corrigan in *State* v. *Roe* (1971), 26 Ohio St. 2d 243, 246:

" * * * The purpose of the privilege is the furtherance and protection of the public in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials, and, by preserving their anonymity, encourage them to perform that obligation."

In *State* v. *Phillips* (1971), 27 Ohio St. 2d 294, a case involving a narcotics buy by an informer acting on behalf of the police, but where the informer, who was the sole witness to the buy, never testified and his identity was never disclosed, Justice Duncan observed the courts's decision in *State* v. *Beck* (1963), 175 Ohio St. 73, holding that the state has the privilege to withhold the identity of the informer, unless the disclosure would be helpful and beneficial to the accused in making a defense to a criminal charge lodged against him, observed the caution in *Voviario, supra,* that "[w]hether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case," and the Supreme Court held:

"Where an informer, acting on behalf of the police, purchases narcotics with marked money, some of which is late found in the possession of an accused, and the informer does not present the narcotics at the time of sale, and the testimony of the informer in relevant, helpful, and beneficial to the accused in making a defense to, or is essential to a fair trial on a charge of possession of narcotics for sale in violation of R.C. 3719.20(A), the privilege to withhold the disclosure of the informer's identity is inapplicable and the identity of the informer must be disclosed or the defendant discharged as to such charge."

In *State* v. *Williams* (1983), 4 Ohio St. 3d 74, the Supreme Court held:

"The identity of an informant must be revealed to a criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges."

Again *Williams* is a case where the informant did not testify at trial and his identity was not otherwise disclosed. Moreover in that case the defendant elected not to present a defense and exercised his privilege not to take the stand in his own defense. The Supreme Court concluded that neither branch of the rule stated in the syllabus was applicable to warrant disclosure of the identity of the informant.

In *Lakewood* v. *Papadelis* (1987), 32 Ohio St. 3d 1, when dealing with a failure to comply with discovery the Supreme Court held:

"2. A trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery."

Crim. R. 16(E) (3) prescribes as to failure to comply with discovery:

"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it make such other order as it deems just under the circumstances."

Here the failure to comply, if there was one, was the failure of the prosecution complained of by the defendant to afford him an opportunity prior to the day of trial to interview the informant. The sanction imposed by the court on the day of trial was to order a recess, which was tantamount to a continuance, for sufficient time to provide approximately one half hour for defense counsel to interview the informant. The informant was later called as a witness by the prosecution and defense counsel was then given

full opportunity to cross-examine her. The record does not disclosed how defendant was, in any manner, deprived of any information from the informant which he would have received had there been no delay in his interview of the informant. Neither at trial nor in his briefs on appeal does defendant elucidate such deprivation, nor does he show he was prejudiced by either the prosecutor's or the trial court's actions as to the informant. Although defense counsel now asserts that he had no opportunity to prepare a response to the informant's testimony before trial and was unable to present issues, on cross-examination to refute her direct testimony, he does not enlighten us as to what "responses" or "issues" defendant was deprived of. The court's order in response to the defendant's motion at the outset of trial just under the circumstances.

We find no error prejudicial to the defendant as set forth in the assignment of error.

*Judgment affirmed.*

SHAW, P.J., and BRYANT, J., Concur.

J. THOMAS GUERNSEY, J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.