Appellant Rubin Szerlip is appealing his conviction for disorderly conduct, in violation of Mount Vernon City Code section 509.03(A)(1), from the Mount Vernon Municipal Court.
The incident giving rise to this appeal occurred on January 29, 1998. On this date, Gwen McMillen and Richard Jessup ate lunch at Fiesta Mexicana, in Mount Vernon. During lunch, appellant entered the restaurant with another gentleman and a child. Richard Jessup is the former brother-in-law of appellant. While both appellant and Jessup were at the salad bar, appellant began conversing with Jessup in a loud voice. Appellant mentioned that Jessup had a couple of degrees in psychology and suggested that Jessup should use the degrees to get his life in order. On a return trip to the salad bar, appellant approached Jessup and told him that if he did not leave his children alone he would "blow his [appellant's] fuckin' head off." Tr. at 22, 28.
Jessup and Ms. McMillan left the restaurant and went to the police station to file a report. On January 30, 1998, appellant was charged with disorderly conduct as a result of the incident at the restaurant. This matter proceeded to trial on May 19, 1998. The trial court found appellant guilty, as charged, and imposed a $50 fine and court costs. Appellant filed a motion for new trial on May 27, 1998, on the basis that the trial court improperly excluded defense witnesses from testifying. The trial court overruled appellant's motion on June 2, 1998.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE CONVICTION OF APPELLANT FOR VIOLATING CITY CODE SECTION 509.03(A) WAS NOT SUPPORTED BY THE EVIDENCE, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW IN VIOLATION OF APPELLANT'S FIRST AMENDMENT RIGHTS.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN PROHIBITING APPELLANT'S PROFFER OF EXPECTED TESTIMONY; FAILING TO INQUIRE INTO THE CIRCUMSTANCES SURROUNDING THE ALLEGED FAILURE TO COMPLY WITH THE CITY'S DISCOVERY REQUEST AND IN EXCLUDING APPELLANT'S WITNESSES FROM TESTIFYING.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ORDER A NEW TRIAL.
 II, III
We will first address appellant's First and Second Assignments of Error as we find them dispositive of this matter on appeal. In his Second Assignment of Error, appellant contends the trial court abused its discretion and denied him due process and his rights under the Sixth Amendment of the Constitution by prohibiting his proffer of expected testimony, failing to inquire into the circumstances surrounding the alleged failure to comply with the prosecutor's discovery request and in excluding his witnesses from testifying. Appellant maintains, in his Third Assignment of Error, the trial court erred when it denied his motion for new trial. We agree.
In the case sub judice, the trial court did not permit appellant to call any of his defense witnesses because appellant failed to comply with Crim.R. 16 (C)(1)(c) which requires disclosure of the names and addresses of those witnesses a defendant intends to call to testify at trial. Tr. at 36. The record in this matter indicates the prosecutor requested discovery, from appellant, on April 8, 1998. The trial court found nothing, in the record, indicates defense counsel served the prosecutor with notice of witnesses defense counsel intended to call to testify at trial. Tr. at 35-36. Based on defense counsel's failure to comply with Crim.R. 16, the trial court precluded defense counsel from presenting any witnesses, on appellant's behalf, that were not disclosed to the prosecution. As a result of the trial court's ruling, appellant was completely denied his right to present a defense.
The trial court made this ruling pursuant to Crim.R. 16(E)(3) which provides:
 (3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.
In support of this assignment of error, appellant relies on the case of City of Lakewood v. Papadelis (1987), 32 Ohio St.3d 1. This court addressed the Papadelis case in State v. Schimpf
(May 23, 1997), Licking App. No. 96 CA 123, unreported. In theSchimpf case, we cited to Papadelis and held:
 * * * a trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery. [Schimpf at 6, citing Papadelis at paragraph two of the syllabus.] Factors to be considered by the trial court in considering the imposition of sanctions include the extent to which the prosecution will be surprised or prejudiced by the witness' testimony, the impact of witness preclusion on the evidence at trial and the outcome of the case, whether violation of the discovery rules was willful or in bad faith, and the effectiveness of less severe sanctions. Id., citing Papadelis at 5. We emphasize that the foregoing balancing test should not be construed to mean that the exclusion of testimony or evidence is never a permissible sanction in a criminal case. It is only when exclusion acts to completely deny defendant his or her constitutional right to present a defense that the sanction is impermissible.
(Emphasis added.) Id.
The record does not indicate the trial court considered the above factors, enunciated in Papadelis, in determining appellant's witnesses would not be permitted to testify. The trial court also did not consider any other less restrictive sanction even though the record indicates defense counsel requested a continuance. Tr. at 38. The trial court indicated it had already continued this matter on two previous occasions. Tr. at 38. However, the record contains a waiver of speedy trial signed by appellant and filed with the trial court on February 19, 1998. Thus, a continuance would not have jeopardized the state's ability to prosecute appellant at a later date.
Further, appellant did not proffer, into evidence, the anticipated testimony of the witnesses who were excluded from testifying. Therefore, we cannot determine the content of their testimony or the importance of said testimony for appellant's case. Appellant claims he was prevented from proffering this evidence. The transcript indicates the following concerning the proffer of evidence:
 MR. FOLLAND: Well I would uh other than the people that are on that list who have personal knowledge as to what occurred and knowledge that this event did not occur —
 MR. SMITH: Your Honor — at this point, Your Honor, I would object. He's proffering testimony at this time, and I think that's improper.
JUDGE: Sustained, sustained. Tr. at 38.
Clearly, under Papadelis, appellant should have been permitted to proffer evidence concerning the anticipated testimony of appellant's witnesses that the trial court excluded from testifying.
As to appellant's Third Assignment of Error, the trial court should have granted appellant's motion for a new trial, pursuant to Crim.R. 33(A)(1), because the trial court's sanction completely denied appellant the constitutional right to present a defense.
Appellant's Second and Third Assignments of Error are sustained.
For the foregoing reasons, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
By: Wise, P. J. Gwin, J., and Farmer, J., concur.
____________________________
____________________________
 ____________________________ JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court of Knox County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
____________________________
____________________________
 ____________________________ JUDGES