JOURNAL ENTRY AND OPINION
Plaintiff John Stross filed this action on account against defendant Morris Laderman claiming defendant owed him $3,750 for home improvement work performed on an apartment owned by defendant. Defendant counterclaimed for breach of contract, breach of warranty and unfair trade practices centering on plaintiff's alleged failure to perform the work in a workmanlike manner. When plaintiff did not file a pretrial brief as ordered by the court, the court barred plaintiff from presenting a witness not identified in the brief. Trial went forward and the court found for defendant on plaintiff's complaint and for plaintiff on defendant's counterclaim. Plaintiff appeals, claiming the court abused its discretion by barring his witness as a sanction for failing to file a trial brief.
 I
A motion to dismiss the appeal has been referred to us. Defendant claims this appeal should be dismissed because plaintiff has failed to remove a mechanic's lien placed on defendant's property and has posted no bond. We may only dismiss an appeal on jurisdictional grounds. The existence of a mechanic's lien, whether stale or not, has no bearing on the finality of the court's judgment in a way that would affect our jurisdiction. The motion to dismiss [No. 96291] the appeal is denied.
 II
The lone assignment of error complains the court abused its discretion by prohibiting plaintiff from presenting witnesses as a sanction for failing to file a trial brief as ordered. While plaintiff admits he did not file a trial brief, he maintains the court's sanction was too harsh under the circumstances since once the court barred the only "disinterested witness" from testifying, "the trial court could not possibly have awarded judgment to [plaintiff]." See Appellant's Brief at 6.
The court has broad discretion to control pretrial matters and we find no abuse of discretion under the circumstances. Plaintiff claims the court should have considered his motion for summary judgment as a trial brief, but even if the court had considered the motion for summary judgment as a trial brief, that brief did not refer to any other witness. The purpose of discovery rules is to prevent surprise and the secreting of evidence favorable to one party. Lakewood v. Papadelis (1987), 32 Ohio St.3d 1, 3. Had the court accepted the motion for summary judgment, no witness would have been identified by the motion, so defendant still would have lacked notice of the witness.
The App.R. 9(C) statement of the evidence adopted by the court indicates plaintiff failed to name the witness in response to defendant's request for production of documents or any other discovery or court order. Under these circumstances, we cannot say the court abused its discretion. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE. P.J.DIANE KARPINSKI, J., CONCUR.
__________________ JUDGE JOHN T. PATTON