[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Lawrence Colbert was convicted of robbery. Colbert had attempted to shoplift various items from a Kroger's store. A Cincinnati police officer working a private security had detail observed Colbert hide the items in his clothes and walk past the checkout lanes. The officer stopped Colbert near the front of the store. As the officer was taking Colbert to the rear of the store, Colbert hit the officer with a basket and knocked him into the frozen-food case. Colbert fled to the front of the store with the officer in pursuit. A struggle ensued, during which the officer sprayed mace at Colbert to subdue him.
{¶ 3} The first assignment of error, which alleges that the trial court erred in admitting into evidence the merchandise that Colbert had attempted to steal because the items were not listed in the state's response to Colbert's Crim. R. 16 discovery demand, is overruled.
{¶ 4} Pursuant to Crim.R. 16(E)(3), the trial court has the discretion to determine the appropriate sanction for a discovery violation. See State v. Scudder, 71 Ohio St.3d 263, 1994-Ohio-298,643 N.E.2d 524; State v. Penland (1998), 132 Ohio App.3d 176,724 N.E.2d 841. A sanction imposed under Crim.R. 16(E)(3) for a discovery violation must be the least severe sanction that serves the purposes of the discovery rules. See Lakewood v. Papadelis (1987), 32 Ohio St.3d 1,511 N.E.2d 1138, paragraph two of the syllabus; State v. Penland, supra.
{¶ 5} The trial court offered Colbert a continuance, which he refused. In addition, Colbert took the stand and testified that he had attempted to steal the items, but that he had not attempted to flee or to engage the officer in a struggle. We hold that the trial court did not abuse its discretion in admitting the items into evidence.
{¶ 6} The second assignment of error, which alleges that the trial court erred in allowing the police officer to testify about a videotape that was not provided to Colbert during discovery, is overruled.
{¶ 7} The police officer testified that a videotape from a surveillance camera was not preserved because it "didn't show anything." Defense counsel objected to the testimony because during discovery Colbert had requested any videotapes. The prosecutor stated that when he had asked the officer whether any tapes existed, the officer had told him that the tape was not preserved.
{¶ 8} We hold that the trial court did not abuse its discretion in allowing the police officer to testify that the videotape was not preserved because it "didn't show anything." Any discovery violation that may have occurred was clearly not willful on the part of the prosecutor. Colbert has not demonstrated how the tape would have benefited his defense or how he was prejudiced by the officer's testimony. See Statev. Pettit (Jan. 15, 1999), 1st Dist. No. C- 980261.
{¶ 9} The third assignment of error, which alleges that Colbert's conviction was against the manifest weight of the evidence, is overruled. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. See State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Following a review of the record, we cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice that Colbert's conviction must be reversed and a new trial ordered. SeeState v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541;State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717.
{¶ 10} Therefore, the judgment of the trial court is affirmed.
{¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Hildebrandt, JJ.