OPINION.
{¶ 1} Plaintiff-appellant the State of Ohio ("the State") brings this appeal from the judgment of the Court of Common Pleas of Seneca County excluding various evidence.
 {¶ 2} On May 8, 2002, the State obtained an indictment against defendant-appellee Glenn Loy ("Loy") for felonious assault. On June 12, 2002, a second indictment was obtained against Loy for having a weapon while under a disability. Loy filed requests for discovery in both cases. On August 19, 2002, the two cases were joined for trial. A jury trial was scheduled on October 28, 2002. Loy filed a motion for a continuance on October 25, 2002, alleging that the State had yet to provide the forensic evidence. The motion was granted and the trial was rescheduled for Monday, February 24, 2003.
 {¶ 3} On Friday, February 21, 2003, the State filed a continuance to discovery which, for the first time, provided Loy with the forensic evidence reports and listed four previously undisclosed witnesses. Loy objected to the use of the evidence as not being timely provided to him and a hearing was held on the matter. At the hearing, the trial court determined that the reports were all dated at least three months prior to the trial date and that the State should have been aware of the witnesses. Since the State did not provide copies of the reports to Loy until the Friday before Monday's trial and did not identify the witnesses until the last minute, the trial court excluded the evidence. At that time, the trial court asked the State if they wished to proceed to trial or to appeal. The State indicated that it would proceed to trial. On February 24, 2003, the State informed the trial court that it would be appealing the ruling excluding the evidence. The State certified that it could not proceed without this evidence. The State raises the following assignments of error.
The trial court erred in excluding witnesses John T. Heile, ScottDobransky, and William Mahan.
 The trial court abused its discretion by employing the harshest penaltypossible in that it heard no testimony, took no evidence, received nostipulations on the record at a hearing, and then provided no rationalefor its decision in its judgment entry or on the record excluding theState's evidence and witnesses.
 The trial court erred by failing to state its essential factualfindings on the record when it excluded the use of evidence relating tothe semi-automatic gun, magazine and bullets and any reference theretoand the exclusion of witnesses John T. Heile, Scott Dobransky, andWilliam Mahan is without court-stated basis on the record.
 {¶ 4} All three assignments of error deal with the exclusion of evidence. If a trial court determines that a party has failed to comply with reasonable discovery requests, the trial court may prohibit the party from introducing the evidence not disclosed. Crim.R. 16(E). A trial court has broad discretion to admit or exclude evidence at trial and its judgment will not be reversed on appeal absent an abuse of discretion.State v. Myers, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186. The purpose of the discovery rules are to prevent surprise and the secreting of evidence favorable to one party. City of Lakewood v. Papadelis
(1987), 32 Ohio St.3d 1, 511 N.E.2d 1138. The sanction of exclusion cannot be used against a criminal defendant if it would deprive him/her of the ability to present a defense. Id. The trial court must inquire as to the circumstances surrounding the violation and should impose the least severe sanction. Id. However, the trial court may still apply exclusion as a sanction unless doing so would completely deny adefendant of his/her constitution rights. Id. at 5.
 {¶ 5} The State claims that the trial court erred in excluding its witnesses. At the hearing the State admitted that it had not previously disclosed these witnesses to Loy. No argument was presented at the hearing as to why these witnesses should have been permitted. Now the State argues that John Heile would have testified to the analysis of the gun, bullets, and magazine. Scott Dobransky would have testified that marijuana was found at the scene. Finally, the State claims that the testimony of William Mahan would have corroborated the victim's testimony. However, at the hearing, the State indicated that he was not sure what Mahan's testimony would be or even who it would implicate. Loy did not learn about these witnesses until right before the trial. Their testimony would have been a surprise to Loy. Thus, the trial court did not err by ruling that the State did not comply with the discovery requirements and excluding their testimony. The first assignment of error is overruled.
 {¶ 6} In the second assignment of error the State claims that the trial court erred by granting Loy's motion to exclude the evidence without taking evidence or reviewing the evidence. This court notes that an oral hearing was held on the motion to exclude and the State was given an opportunity to make statements. At no time did the State request to present any evidence or to have the trial court review the evidence. Additionally, the content of the evidence was not at issue before the court. The only issue before the trial court was the timing of the discovery. The State fully admits that it did not provide Loy with the information until the eve of trial. The State's explanation was that they did not receive the reports until the day before. However, two of the reports were dated October 24, 2002 and the third was dated June 19, 2002. The evidence submission sheet was dated May 30, 2002. The State admitted that it had not attempted to obtain the reports from the Bureau of Criminal Investigation and Identification ("BCII") prior to right before trial. The trial court had already granted one continuance in October because the reports were not ready. In addition, the reports that were provided did not provide all the information requested by the State, some of which may have been exculpatory. Although the prosecutor was not responsible for the delays, another state agency was and the prosecutor did nothing to obviate the delays. Thus, the State must bear the consequences of failing to provide the reports or to provide an earlier list of new witnesses. The trial court had sufficient evidence before it to support the exclusion of the evidence as a discovery violation sanction. The second assignment of error is overruled.
 {¶ 7} The third assignment of error raises the question of whether the trial court should have made findings of fact on the record as to why it was excluding the evidence. Crim.R. 12(E) mandates, by the use of the "shall," that the trial court state its findings on the record. In the absence of such findings, a reviewing court cannot properly review the ruling of the trial court. Thus, the trial court was required to state its findings of fact on the record.
 {¶ 8} After a lengthy and interactive discussion with counsel regarding the facts and circumstances surrounding Loy's motions and the prejudice occasioned by the delayed disclosure, the trial court concluded as follows:
Let the record be clear, I find that the supplementation of discoverymarked as Defendant Exhibit A certainly was not timely. It appears fromthe document itself that the information was in the possession of theState back in October. And I just think it's too late.
Feb. 24, 2003, Transcript. The colloquy between court and counsel and resulting determination illustrate that the court excluded the evidence because it found that the State's failure to comply with Crim.R. 16 prejudiced Loy's ability to attack weaknesses in the State's case or to effectively present a credible defense. Considering the foregoing statement in light of the discussion which preceded it, we find that the court sufficiently stated the essential findings in support of its determination. Therefore, the third assignment of error is overruled.
 {¶ 9} The judgment of the Court of Common Pleas is affirmed.
Judgment Affirmed.
WALTERS, J., concurs.