The STATE of Ohio, Appellee,

v.

PERRY, Appellant.

[Cite as *State v. Perry*, 157 Ohio App.3d 443, 2004-Ohio-3020.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–04–02.

Decided June 14, 2004.

Clifford Murphy, Crawford County Assistant Prosecuting Attorney, for appellee.

John Spiegel, for appellant.

THOMAS F. BRYANT, Judge.

{¶ 1} Defendant-appellant Tony A. Perry ("Perry") brings this appeal from the judgment of the Court of Common Pleas of Crawford County.

{¶ 2} On January 13, 2003, the Crawford County Grand Jury indicted Perry on one count of illegal manufacturing of drugs, a second-degree felony, and one count of possession of chemicals for the manufacture of drugs, a third-degree felony. Perry entered pleas of not guilty to the charges. On November 13, 2003, a jury trial was held, and the jury returned guilty verdicts on both counts. Perry was sentenced to five years in prison on the first count and two years in prison on

the second count. The terms were ordered to be served concurrently. Perry appeals from this judgment and raises the following assignments of error:

"The trial court erred in sanctioning [Perry] for a discovery violation by forbidding him to call a crucial witness as to the credibility of the main witness against [Perry].

"The trial court erred in permitting the conviction of [Perry] upon insufficient proof, which was solely the testimony of two accomplices who were motivated by their own legal troubles. All the rest of the evidence was irrelevant and inflammatory allegations which prejudiced the jury and caused the conviction.

"The trial court erred in sentencing [Perry] to both manufacture and the possession of the chemicals used to manufacture methamphetamine.

"The trial court erred in sentencing [Perry] based upon unproven allegations of threats to the witness."

{¶ 3} In the first assignment of error, Perry claims that the trial court erred by excluding his witness. If a trial court finds that a party has not complied with reasonable discovery requests, the trial court may prohibit the party from introducing the evidence not disclosed. Crim.R. 16(E). A trial court has broad discretion to admit or exclude evidence at trial, and its judgment will not be reversed on appeal absent an abuse of discretion. *State v. Myers,* 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186. The purpose of the discovery rules is to prevent surprise and the secreting of evidence favorable to one party. *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138. The sanction of exclusion cannot be used against a criminal defendant if it would deprive him of the ability to present a defense. Id. The trial court must inquire as to the circumstances surrounding the violation and should impose the least severe sanction. Id. However, the trial court may still apply exclusion as a sanction unless doing so would completely deny a defendant his constitutional rights. Id.

{¶ 4} Perry concedes that the witness at issue was not on his pretrial witness list. However, Perry argues that the trial court should have permitted the testimony because it was crucial to his defense. The sole purpose of the testimony of this witness was that Amy Fulk ("Fulk"), a witness for the state, does not have a reputation of being honest. The state objected to the calling of this witness on the grounds of surprise. The trial court excluded the witness on the grounds that she should have been disclosed prior to the middle of the trial. A review of the record indicates that the witness had no actual knowledge concerning the events at issue in the trial. The only reason for the testimony was for the witness to indicate that over the years she had known Fulk, she had not earned a reputation for truthfulness. This same testimony was put forth by another witness for Perry and by Perry himself during their testimony. Thus, no new information would have been presented to the jury by allowing the testimo-

ny. The exclusion of the testimony did not prevent Perry from putting forth a defense. Given the facts before it, the trial court did not err in excluding the testimony of this character witness. The first assignment of error is overruled.

{¶ 5} The second assignment of error claims that the evidence was against the manifest weight of the evidence:

"Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence,* offered in a trial to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*'" (Emphasis added.) *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed.1990) 1594.

{¶ 6} "The fact-finder's verdict must be granted due deference as it is in a better position to determine credibility of the witnesses." *State v. Holland,* 3d Dist. No. 2–03–27, 2004-Ohio-537, 2004 WL 231500, at ¶ 3.

{¶ 7} During the trial, the state presented the testimony of various witnesses. All of these witnesses were cross-examined by Perry's counsel. Detective Sergeant Chris Heydinger ("Heydinger") testified as to how methamphetamine is produced and what ingredients are required. Heydinger then testified as to the items found at the methamphetamine production site in question, which included the ingredients for the production of the drugs. Heydinger then identified Perry as one of the residents on the property where the drug production site was found.

{¶ 8} The second witness for the state was Anne Kruse ("Kruse"). Kruse testified that she had dated Jeremy Lewis ("Lewis"), who was the alleged conspirator of Perry at the trial, for approximately six months. She testified that in August 2002, she was present when Lewis and Perry were manufacturing methamphetamine in the woods by Perry's residence. On cross-examination, Kruse admitted that she had initially indicated that she did not know Perry and that it was not until later that she told the police that Perry was involved in the production of the methamphetamines.

{¶ 9} Fulk was the third witness to testify for the state. Fulk testified that she had been good friends with Perry in 2002. Fulk also testified that she was present when Perry manufactured methamphetamines and that she had helped him to obtain some of the ingredients for manufacturing the drugs. However, Fulk was unable to give any sort of timeframe for when these activities occurred.

{¶ 10} During Perry's case-in-chief, he presented testimony that he had not manufactured methamphetamines. This evidence was Perry's testimony, the

testimony of Keith Keller ("Keller"), and the testimony of Ernest Alfrey ("Alfrey"). Both Perry and Keller testified that Perry was not involved in manufacturing methamphetamines. Perry also testified that the state's witnesses were lying in order to prevent charges against themselves. Alfrey testified that he had been asked by a third party to go into Keller's house and keep Keller and Perry in the house for a while. Alfrey claims that that man was the one making the methamphetamines in the woods.[1]

{¶ 11} The testimony before the jury was contradictory. However, the jury was in the best possible position to judge the credibility of the witnesses. The state presented evidence that Perry purchased the ingredients for the methamphetamine and was involved in the production of the drugs. The jury could choose to believe the testimony of the state's witnesses and disbelieve the testimony of Perry's witnesses. Thus, the conviction was not against the manifest weight of the evidence. The second assignment of error is overruled.

{¶ 12} In the third assignment of error, Perry claims that the trial court erred by sentencing him on both charges. Perry argues that the offenses merge for sentencing purposes because one cannot manufacture methamphetamines without possession of the chemicals required to do so. However, no claim was put before the trial court that the offenses were allied offenses of similar import prior to this appeal. The failure to raise the issue prior to the appeal waives the claim and the issue can only be reviewed for plain error. *State v. Burge* (1992), 82 Ohio App.3d 244, 611 N.E.2d 866.

{¶ 13} In this case, Perry was charged with possession of the chemicals necessary to manufacture methamphetamines and with the manufacture of the methamphetamines. To obtain a conviction for the manufacture, the state must prove beyond a reasonable doubt that the defendant (1) knowingly (2) manufactured or otherwise engaged in (3) any part of the production of a controlled substance. R.C. 2925.04. The requirements for a conviction of the possession of the chemicals are that the state proves the defendant (1) knowingly (2) possessed (3) one or more chemicals to manufacture a controlled substance (4) with the intent (5) to manufacture that substance. R.C. 2925.041. In the abstract, a defendant could be involved in the manufacture of the controlled substance without obtaining physical possession of the ingredients. For instance, the defendant could provide the funding to purchase the ingredients and the location where the manufacturing occurs but never go to the location or purchase the ingredients. The defendant would be guilty of engaging in a part of the manufacturing of the controlled substance but not of the possession of the

---

1. This court notes that Alfrey did not give a name for this third party, but claimed that it was just a guy he knew.

chemicals necessary to do so. Thus, the offenses are not allied offenses of similar import. The third assignment of error is overruled.

{¶ 14} In the fourth assignment of error, Perry claims that the trial court erred in considering the unproven allegations of threats to the witness. Although it was mentioned that threats were made against one of the witnesses to discourage her from testifying, there was no evidence presented that Perry made the threats. The record does not indicate that the trial court considered the alleged threats when entering sentence. Perry was convicted of one second-degree felony and one third-degree felony. The sentencing range for second-degree felonies is two to eight years. R.C. 2929.14(A)(2). The sentencing range for third-degree felonies is one to five years. R.C. 2929.14(A)(3). The trial court sentenced Perry to five years on the second-degree felony and two years on the third-degree felony. These were not maximum sentences. However, the sentences were above the minimum sentence and thus require the trial court either to enter a finding that Perry had previously served a prison sentence or that the shortest prison term would demean the seriousness of the offense or would not adequately protect the public from future crimes by the offender. R.C. 2929.14(C). A review of the record indicates that Perry has not served a prior prison term. The record also lacks a finding that a sentence longer than the minimum is necessary to protect the public or that the minimum sentence would demean the seriousness of the offense. Thus, the assignment of error is sustained.

{¶ 15} Perry also argues in his appellate brief that the trial court should have given the jury an instruction on accomplice testimony pursuant to R.C. 2923.03(D) [2]:

"If an alleged accomplice of the defendant testifies against the defendant in a case in which the defendant is charged with complicity in the commission of or an attempt to commit an offense, an attempt to commit an offense, an attempt to commit an offense, or an offense, the court, when it charges the jury, shall state substantially the following:

" 'The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.

" 'It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth.' " R.C. 2923.03(D).

---

2. This court notes that Perry failed to list this argument in his assignments of error. However, since the state chose to respond to it, this court will address it.

{¶ 16} In this case, the instruction was requested because of the testimony of Kruse and Fulk that they had assisted in the purchase of the chemicals for the manufacture of the methamphetamines. This court has previously held that unless a witness has been indicted, trial courts are not required to give the accomplice instruction set forth in R.C. 2923.03(D). *State v. Howard* (Aug. 24, 1999), Marion App. No. 9–99–12, 1999 WL 692419. Neither Kruse nor Fulk was indicted as accomplices or for any other related offense. Thus, the trial court did not err in refusing to give the instruction. This alleged error is overruled.

{¶ 17} The judgment of the Court of Common Pleas of Crawford County is affirmed in part and reversed in part. The matter is remanded for resentencing.

Judgment affirmed in part
and reversed in part.

CUPP and ROGERS, JJ., concur.