DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Richard P. Starr, appeals the decision of the Summit County Court of Common Pleas, which granted appellee Allstate Insurance Company's ("Allstate") motion to dismiss. This Court reverses.
 I. {¶ 2} Appellant was injured on June 17, 2000, when a vehicle operated by Felis R. Rentas collided with appellant's motorcycle. In June 2000, appellant hired Attorney David Chester to represent him in a law suit against Mr. Rentas. Without appellant's knowledge or consent, Attorney Chester then transferred appellant's file to Attorney Michael Callow. Attorney Callow filed a complaint for personal injury on behalf of appellant against Mr. Rentas and Allstate.[1] Without consulting appellant, Attorney Callow dismissed, without prejudice, the complaint on July 21, 2003.
 {¶ 3} On April 1, 2004, Attorney Callow re-filed appellant's complaint against Mr. Rentas and Allstate. Allstate filed a cross-claim against Mr. Rentas. Neither appellant nor Allstate was able to obtain service of their claims on Mr. Rentas.
 {¶ 4} On May 6, 2004, Allstate served interrogatories and requests for production of documents upon Attorney Callow. Attorney Callow did not inform appellant that he had received the documents. Furthermore, Attorney Callow did not file responses to the interrogatories and requests for production of documents. Allstate requested a response to its previous discovery request on June 14, June 29, and September 14, 2004. Not having received a response from appellant, Allstate filed a motion to compel on October 13, 2004.
 {¶ 5} On October 22, 2004, Attorney Callow filed a motion to withdraw as counsel for appellant. The trial court granted Attorney Callow's motion to withdraw as counsel on October 29, 2004.
 {¶ 6} The case was dismissed, without prejudice, for lack of prosecution as to Felis R. Rentas only on November 30, 2004. On January 7, 2005, Allstate filed a motion to dismiss pursuant to Civ.R. 41 and Loc.R. 7.14.
 {¶ 7} On January 14, 2005, Attorney Geoffrey L. Eicher filed a notice of appearance on behalf of the appellant with the trial court. The same day, Attorney Eicher also filed a response to Allstate's motion to dismiss and Plaintiff's Responses to Defendant's First Set of Interrogatories.
 {¶ 8} The trial court granted Allstate's motion to dismiss on January 18, 2005. Appellant timely appealed to this Court, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN DISMISSING DEFENDANT ALLSTATE INSURANCE COMPANY FOR PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH DISCOVERY REQUESTS."
 {¶ 9} In his sole assignment of error, appellant argues that the trial court erred in dismissing Allstate, and thereby dismissing the underlying cause of action.
 {¶ 10} First, this Court notes that Allstate's motion to dismiss avers that appellant failed to comply with the trial court's order of February 21, 2002, ordering appellant to comply with all discovery requests by March 7, 2003. The February 21, 2002 order pertains to the complaint which was dismissed, without prejudice, by Attorney Callow on July 21, 2003. The July 21, 2003 dismissal "dissolved all orders rendered by the trial court during the pendency of the action." Massi v. Stringfield
(Feb. 6, 1997), 9th Dist. No. 2607-M, citing Universal Ents, Inc. v.Schweitzer (Dec. 9, 1993), 5th Dist. No. 93-CA-43. Therefore, for purposes of the present action, the only motion to compel was filed by Allstate on October 13, 2004.
 {¶ 11} A review of the record reveals that on May 6, 2004, Allstate served interrogatories and requests for production of documents upon appellant's attorney. On June 14, June 29, and September 14, 2004, Allstate requested a response to its May 6, 2004 request for discovery. The trial court did not rule on Allstate's motion to compel. However, the trial court granted Allstate's motion to dismiss on January 18, 2005, four days after appellant's new attorney submitted Plaintiff's Responses to Defendant's First Set of Interrogatories.
 {¶ 12} Given that the trial court's journal entry states that Allstate is dismissed from the action for appellant's failure to prosecute and failure to comply with discovery requests, it is unclear as to whether the trial court dismissed this action under Civ.R. 37 or Civ.R. 41. However, this Court need not make that determination, as a trial court must consider imposing less severe sanctions before granting a dismissal under either Civ.R. 37 or Civ.R. 41. See Butler v. Harper, 9th Dist. No. 21051, 2002-Ohio-5029; Lakewood v. Papadelis (1987), 32 Ohio St.3d 1, paragraph two of the syllabus. In the present case, there is no evidence in the record to suggest that the trial court considered less drastic alternatives before granting Allstate's motion to dismiss. Since there was no court order compelling appellant to comply with Allstate's discovery requests and appellant did eventually respond to Allstate's request for discovery, this Court finds that the trial court abused its discretion in granting Allstate's motion to dismiss without first considering a less severe sanction.
 III. {¶ 13} Appellant's assignment of error is sustained. The decision of the Summit County Court of Common Pleas is reversed.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
Exceptions.
Whitmore, P.J. Baird, J. concur
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Allstate was named as a defendant as the uninsured/underinsured provider for Mr. Starr.