[Cite as *State v. Metz*, 2012-Ohio-2188.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110451 |
| | | TRIAL NO. B-1101217 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| MALCOLM METZ, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 18, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Geoffrey W. Pittman,* for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge**.

{¶1} Defendant-appellant Malcolm Metz appeals the judgment of the Hamilton County Court of Common Pleas convicting him of aggravated robbery with a firearm specification and possessing a weapon while under a disability. He was convicted after a jury trial.

**A Confrontation After an Accident**

{¶2} One afternoon, Darnell Higgins and his girlfriend Ashley Fant were driving to a birthday party with several children in Fant's car. They had trouble with one of their tires, and they went to a repair shop. As they were leaving the shop, their car backed into a car that was parked on the street.

{¶3} Higgins testified that, after the collision, he had gotten out of the car to apologize when he was approached by two men he later identified as Metz and Renell Barnett. Higgins testified that Metz and Barnett assaulted him and that Metz rifled through his pockets while Barnett attempted to take the keys from Fant's car.

{¶4} Higgins stated that, soon after the assault had begun, Barnett had told Metz to get his "burner," a slang term for a gun. Metz left for a brief time and then returned, threatening to shoot Higgins. Higgins testified that after he had seen the butt of a gun protruding from the waistband of Metz's pants, he had retreated to the repair shop. Barnett then drove Fant's car from the scene with Metz in the front passenger seat.

{¶5} Fant testified that she had seen Metz and Barnett approach Higgins and attempt to take the car keys and his money. Although she did not see a gun, she stated that she had heard Barnett tell Metz to get his "burner." As soon as the gun

2

was mentioned, Fant took the children away, but she did see Barnett and Metz leave in her car.

{¶6} The owner of the repair shop, Kevin Laws, testified that he had attempted to intervene in the altercation but had retreated when Metz had threatened to shoot him. He testified that he had seen Barnett and Metz leave in Fant's car.

{¶7} Cincinnati Police Officer Merlyn Murrell testified that he had received a radio run on the date of the alleged robbery. He spotted Fant's car parked on the street near a residence where other officers had just apprehended Metz and Barnett.

{¶8} Metz rested without presenting any evidence. The jury found him guilty, and the trial court sentenced him to an aggregate prison term of eight years.

{¶9} In a single assignment of error, Metz argues that the trial court erred in convicting him of the offenses and the specification.

### Discovery Violations

{¶10} Metz first argues that he was deprived of a fair trial as a result of discovery violations on the part of the state. Specifically, he argues that the state's failure to disclose the statement he had made to police and to disclose the existence of a 911 tape resulted in prejudice. Although the trial court excluded the evidence, Metz apparently maintains that the sanction was insufficient.

{¶11} A trial court has broad discretion in regulating discovery and in determining the appropriate sanction for discovery violations. *State v. Matthews,* 1st Dist. Nos. C-060669 and C-060692, 2007-Ohio-4881, ¶ 16. The court must inquire into the circumstances surrounding the violation and impose the least severe

sanction consistent with the purpose of the rules of discovery. *Lakewood v. Papadelis*, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987), paragraph two of the syllabus.

{¶12} In this case, the trial court did not abuse its discretion. In excluding the evidence not timely disclosed by the state, the trial court ensured that Metz would not be prejudiced at trial, and the court provided the relief that Metz himself had requested. While Metz argues that the state's failure to produce the evidence in a timely fashion deprived him of the ability to negotiate a favorable plea agreement instead of taking the case to trial, there is nothing in the record to suggest that such an agreement would have been available.

### Testimony About a Firearm

{¶13} Metz next argues that the trial court erred in permitting Laws to testify about Metz's possession of a gun. He argues that the court erroneously permitted the state to ask Laws if he had backed away from Metz "[w]hen he threatened you with the gun?" Metz contends that the question—and the affirmative answer—were improper because Laws had previously testified that he had not seen a gun in Metz's possession.

{¶14} We find no merit in this argument. It is well settled that a trial court has broad discretion in admitting or excluding evidence. *See State v. Sage,* 31 Ohio St.3d 173, 180, 510 N.E.2d 343 (1987). In this case, there was no abuse of discretion. Although Laws testified that he had not seen a gun, he did state that Metz had threatened to shoot him. It was the threat that was the focus of the state's question, and we find no error in the trial court's admission of the evidence.

### Sufficiency and Weight of the Evidence

{¶15} Metz next argues that his convictions were based on insufficient evidence and were against the manifest weight of the evidence.

{¶16}     In reviewing the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Waddy*, 63 Ohio St.3d 424, 430, 588 N.E.2d 819 (1992).  To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice in finding the defendant guilty. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶17}     The aggravated-robbery statute, R.C. 2911.01(A)(1), provides that "[n]o person, in attempting or committing a theft offense * * * or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."

{¶18}     In this case, the convictions were in accordance with the evidence. Higgins testified that Metz had threatened to shoot him while attempting to steal his money and while helping Barnett steal Fant's car.  And according to Higgins, he had seen a gun in the waistband of Metz's pants.  Although Fant did not see the gun, she testified that Barnett had told Metz to get his "burner," and she otherwise substantially corroborated the testimony of Higgins.  Similarly, Laws corroborated Higgins's testimony about Metz's threat to use a gun, and he witnessed Metz and Barnett take the car.  Metz stipulated that he was under a disability for a previous aggravated robbery.  Although Metz cites a number of inconsistencies in the

testimony of the state's witnesses, we cannot say that the jury lost its way in finding him guilty.

## Ineffective Assistance of Counsel

{¶19} Metz next argues that he was deprived of the effective assistance of trial counsel. He contends that counsel was deficient in failing to object to the testimony of Officer Murrell and in failing to object to the comments of Fant and Higgins that Metz and Barnett appeared to have been engaging in drug trafficking.

{¶20} To establish ineffective assistance of counsel, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable performance and that prejudice arose from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶21} In the case at bar, we find no deficiency in counsel's performance. Although Murrell testified about certain events that he did not personally witness, he was merely explaining why he had responded to the radio broadcast and how he had investigated the crimes. This testimony explaining his involvement was brief and was cumulative to the evidence of other witnesses. Thus, Metz has failed to demonstrate that Murrell's testimony deprived him of a fair trial.

{¶22} And while the testimony of Higgins and Fant about possible drug trafficking was irrelevant, they were isolated comments, and Metz has failed to demonstrate that they had any effect on the jury's verdict.

## Cumulative Error

{¶23} Finally, Metz argues that the cumulative effect of the alleged errors deprived him of a fair trial. The cumulative effect of errors may deprive a defendant

6

of a fair trial, even though the individual instances of error do not warrant reversal. *State v. DeMarco,* 31 Ohio St.3d 191, 509 N.E.2d 1256 (1987), paragraph two of the syllabus. The defendant must demonstrate that a reasonable probability exists that the outcome of the trial would have been different absent the alleged errors. *State v. Dieterle,* 1st Dist. No. C-070796, 2009-Ohio-1888, ¶ 38. In this case, Metz has failed to demonstrate that any errors, individually or collectively, deprived him of a fair trial. Accordingly, we overrule the assignment of error.

### Conclusion

{¶24}     The judgment of the trial court is affirmed.

Judgment affirmed.

**CUNNINGHAM** and **DINKELACKER, JJ.,** concur.

Please note:
   The court has recorded its own entry this date.