DECISION AND JUDGMENT ENTRY
{¶ 1} Allen E. Lewis ("Appellant") appeals the judgment of the Scioto County Court of Common Pleas finding him guilty of nine counts of harassment by an inmate in violation of R.C. 2921.38(B) and one count of intimidation of a public servant in violation of R.C. 2921.03. The Appellant contends the trial court erred when: (1) it admitted evidence the State ("Appellee") failed to disclose to the Appellant until the day of trial; (2) it denied him his Sixth Amendment right under the U.S. Constitution to present a defense; (3) it admitted hearsay records as evidence; (4) it ordered *Page 2 
him to be shackled during trial; (5) the sufficiency of the evidence did not support his conviction for intimidation; and (6) the manifest weight of the evidence did not support his conviction for intimidation. Because we find that the trial court abused its discretion when it admitted evidence the Appellee failed to disclose to the Appellant until the day of trial, we reverse its decision and remand the matter for proceedings consistent with this opinion.
 I. Facts {¶ 2} The Appellant was indicted on twelve counts of harassment by an inmate, in violation of R.C. 2921.38(B), and one count of intimidation, in violation of R.C. 2921.03, all thirteen counts being felonies of the third degree. The twelve counts of harassment by an inmate were indicted as felonies of the third degree because the Appellant was alleged to be a carrier of the virus that causes acquired immunodeficiency syndrome.
 {¶ 3} On August 4, 2005, the Appellant requested discoverable material pursuant to Crim.R. 16, including any reports, examinations, or tests. The Appellee failed to product any medical reports, examinations, or tests indicating that the Appellant was HIV-positive prior to trial. On September 23, 2005, the Appellant filed a motion with the trial court to *Page 3 
compel the Appellee to respond to his discovery request. The trial court failed to rule on the motion.
 {¶ 4} On December 18, 2006, the matter proceeded to a jury trial. In the Appellant's opening statement, he asserted that he was not HIV-positive, a key component in his trial strategy. Subsequently, the Appellee issued subpoenas for the Appellant's medical records from correctional facilities in Orient, Ohio, and Lucasville, Ohio. In the course of the trial, the Appellee proferred copies of the Appellant's medical records as evidence, and introduced oral testimony based on those records.
 {¶ 5} The Appellee introduced the Appellant's medical records by calling witness Brandon Lindamood, who was employed as a nurse at the Southern Ohio Correctional Facility. Nurse Lindamood initially testified that he had not examined the Appellant's medical records. Additionally, Nurse Lindamood testified that he was not employed at the institution where the Appellant's records were maintained. At that point, the Appellee supplied Nurse Lindamood with the Appellant's medical records and moved the court for a recess so that the witness could familiarize himself with the records. After reviewing the records, Nurse Lindamood testified that the Appellant was diagnosed HIV-positive on July 2, 1996. *Page 4 
 {¶ 6} Following Nurse Lindamood's testimony, the Appellee moved to admit the Appellant's medical records. The Appellant objected to the introduction of the documents, in that they had not been provided to him through the discovery process, and they prejudiced him. The trial court did not admit the records as evidence at that point, but permitted Nurse Lindamood to testify regarding the contents of those records.
 {¶ 7} The Appellant filed a motion to strike the testimony of Nurse Lindamood, as well as a motion for a proposed jury instruction that the jurors would not be able to consider Nurse Lindamood's testimony regarding the Appellant's medical records. The trial court denied the Appellant's motion to strike, and ruled that the jurors were permitted to consider Nurse Lindamood's testimony regarding the Appellant's alleged communicable diseases.
 {¶ 8} Due to the trial court's denial of his motion to strike, the Appellant testified on his own behalf, asserting, "I know I am not HIV positive." On cross-examination, the Appellee conducted a lengthy probe into the Appellant's HIV status. The Appellant repeatedly denied being HIV-positive.
 {¶ 9} At that point, the trial court, sua sponte, admitted the Appellant's medical records, noting "He is making such an issue of these tests; I'm *Page 5 
going to have to admit it. I'm going to admit it. * * * What do you think, Mr. Kuhn?" The Appellee then moved to admit the medical reports, which were admitted by the trial court. The Appellant again objected to the introduction of the medical records. The Appellant also moved for a continuance, so that exculpatory lab tests indicating that the Appellant was HIV-negative could be obtained from his medical file, but the trial court denied his motion.
 {¶ 10} At the close of the Appellee's case-in-chief, counts 5, 8, and 10 of the indictment were dismissed. The Appellant was convicted on the remaining counts, and was sentenced to a prison term of twenty years. He now appeals the judgment of the trial court, asserting the following assignments of error:
 II. Assignments of Error {¶ 11} 1. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT FOR ADMITTING EVIDENCE THE STATE FAILED TO DISCLOSE TO THE APPELLANT UNTIL THE DAY OF TRIAL.
 {¶ 12} 2. THE TRIAL COURT DENIED APPELLANT HIS SIXTH AMENDMENT RIGHT GUARANTEED BY THE U.S. CONSTITUTION TO PRESENT A DEFENSE.
 {¶ 13} 3. THE TRIAL COURT ERRED WHEN IT ADMITTED HEARSAY RECORDS AS EVIDENCE.
 {¶ 14} 4. THE TRIAL COURT ERRED IN ORDERING APPELLANT TO BE SHACKLED DURING TRIAL. *Page 6 
 {¶ 15} 5. APPELLANT'S CONVICTION FOR INTIMIDATION WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE.
 {¶ 16} 6. APPELLANT'S CONVICTION FOR INTIMIDATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. Legal Analysis {¶ 17} In his first assignment of error, the Appellant argues the trial court erred when it admitted evidence the Appellee failed to disclose to him until the day of trial. A trial court's power to regulate discovery under CrimR. 16 is discretionary and will not be reversed absent an abuse of discretion. State v. Parson (1983),6 Ohio St.3d 442, 445, 50 Ohio St.2d 224. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715.
 {¶ 18} If a party fails to comply with the discovery requirements set forth in Crim.R. 16, the trial court may order such party to permit the discovery or inspection, grant a continuance, prohibit the party from introducing into evidence the material not disclosed, or make such other order as it deems just under the circumstances. CrimR. 16(E)(3). A trial court must inquire into the circumstances producing the alleged violation of CrimR 16, and when deciding whether to impose a sanction, must impose *Page 7 
the least severe sanction that is consistent with the purpose of the rules of discovery. Lakewood v. Papadelis (1987), 32 Ohio St.3d 1,511 N.E.2d 1138, paragraph two of the syllabus. The discovery rules exist to produce fair trials. State v. Theisen (Jan. 31, 1990), Athens App. No. 1403, 1990 WL 9946, at *2, citing State v. Mitchell (1975),47 Ohio App.2d 61, 352 N.E.2d 636.
 {¶ 19} A trial court abuses its discretion, warranting a reversal, when an appellant can show the following: (1) the prosecution's failure to disclose was a willful violation of Crim.R. 16; (2) foreknowledge of the statement would have benefited the accused in the preparation of his or her defense; or (3) the accused was prejudiced by admission of the statement. State v. Moore (1988) 40 Ohio St.3d 63, 66, 531 N.E.2d 691.
 {¶ 20} In the case sub judice, the Appellant filed an initial request for discovery on August 4, 2005, as well as a motion to compel discovery on September 23, 2005. Neither request resulted in the production of the medical records the Appellee introduced at trial. Had the Appellant been aware prior to trial that the Appellee would introduce the medical record in question, the Appellant could have prepared his defense by obtaining his entire medical file. The Appellant also moved for a continuance on multiple occasions within the context of the trial so that he might produce evidence to *Page 8 
rebut the Appellee's contention he was HIV-positive. The Appellant cited exculpatory records within his comprehensive medical file as a reason for the continuance. Despite these contentions, the trial court denied his requests for a continuance. Because the Appellant's medical records were introduced the day of trial without any forewarning, it was too late for him to acquire his complete medical file in order to rebut the Appellee's contention that he was HIV-positive. In light of these facts, foreknowledge of the records the Appellee intended to introduce would have benefited the Appellant in the preparation of his defense.
 {¶ 21} In our view, the trial court abused its discretion when it admitted the medical record at issue in the case, as foreknowledge of the same would have benefited the Appellant in the preparation of his defense. The remaining assignments of error are now moot by the disposition of the first assignment of error. Accordingly, we reverse the judgment of the trial court, and remand the matter for proceedings consistent with this opinion. On remand, the trial court may consider the introduction of the record in question if properly authenticated. However, the particulars of the same must be determined by the trial court and we make no statements as to the merits of those issues.
 JUDGMENT REVERSED AND THE CAUSE REMANDED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., Kline, J. and McFarland, J.: Concur in Judgment and Opinion. *Page 1