[Cite as *State v. Lawhorn*, 2012-Ohio-253.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA3223 |
| | : | |
| vs. | : | **Released: January 13, 2012** |
| | : | |
| JOSEPH LAWHORN, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Bernard G. Lancione, Columbus, Ohio, for Appellant.

Toni L. Eddy, City of Chillicothe Law Director, and Carrie L. Rowland, City of Chillicothe Assistant Law Director, Chillicothe, Ohio, for Appellee.

_____

McFarland, J.:

{¶1} This is an appeal from a Chillicothe Municipal Court judgment of conviction and sentence finding Appellant guilty after a jury trial of one count of domestic violence, a first degree misdemeanor in violation of R.C. 2919.25. On appeal, Appellant contends that the trial court erred and abused its discretion in failing to allow Appellant's mother to testify as to the circumstances surrounding the incident. However, in light of our determination the trial court's decision to exclude this witness testimony was

reasonable based upon the circumstances, we overrule Appellant's sole

assignment of error and affirm Appellant's conviction.

FACTS

**{¶2}** On November 22, 2010, Deputy Rose of the Ross County

Sheriff's Department was dispatched in reference to a domestic dispute

involving Appellant, Joseph Lawhorn, and his wife, Ashlea Lawhorn.

Appellant was subsequently charged with one count of domestic violence, a

first degree misdemeanor in violation of R.C. 2919.25.  After Appellant pled

not guilty to the charge, the matter proceeded to a jury trial on February 15,

2011.

**{¶3}** At trial, the State presented the testimony of Ashlea Lawhorn, as

well as Deputy Rose.  Ashlea Lawhorn testified that during an argument

with her husband over a computer, Appellant pulled her out of the car, threw

her down on the grass, choked her and took her phone.  Deputy Rose

testified that when he responded to the call, he noted visible injuries on

Ashlea Lawhorn, including red marks on her neck area.  Deputy Rose

further testified that he photographed these injuries and the photographs

were entered into evidence at trial.

**{¶4}** The defendant testified upon his own behalf, essentially

claiming that Ashlea was the aggressor and he was simply trying to defend

himself.  Appellant then attempted to have his mother testify; however, the State objected, initially based upon a separation of witnesses argument, but then complained that the defense had not disclosed this witness and the State had no notice of the witness and no ability to secure rebuttal witnesses if needed.  The trial court sustained the State's objection and refused to allow the witness to testify.  Appellant's trial counsel did not proffer any testimony, but instead rested its case.

{¶5}  Appellant was ultimately convicted of domestic violence and the trial court sentenced Appellant to two years of community control, fifteen days in jail, and ordered him to complete a domestic violence program.  Appellant now brings his timely appeal, setting forth only one assignment of error for our review.

## ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT ERRORED [SIC] AND ABUSED ITS DISCRETION IN FAILING TO ALLOW DEFENDANT'S MOTHER TO TESTIFY AS TO THE CIRCUMSTANCES SURROUNDING THE NOVEMBER 22, 2010 INCIDENT."

## LEGAL ANALYSIS

{¶6}  In his sole assignment of error, Appellant contends that the trial court erred and abused its discretion in failing to allow Appellant's mother to testify as to the circumstances surrounding the November 22, 2010, incident.  In his brief Appellant seems to argue that his mother was excluded

from testifying based upon a violation of a separation witnesses order. However, the State argues, and the trial transcript confirms that the State objected based upon Appellant's failure to disclose the existence of this witness or his intention to present her testimony at trial. Thus, the State objected based upon a Crim.R. 16 violation, and the trial court sustained the State's objection on that basis.

{¶7} The purpose of the discovery rules is to prevent surprise and the secreting of evidence favorable to the other party. *City of Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 3, 511 N.E.2d 1138; see also, *State v. Warren*, Cuyahoga App. No. 83823, 2004-Ohio-5599 at ¶ 51. The current version of Crim.R. 16, as amended on July 1, 2010, and which governs discovery, provides in section (A) that "[a]ll duties and remedies are subject to a standard of due diligence, apply to the defense and the prosecution equally, and are intended to be reciprocal."

{¶8} Crim.R. 16 provides in section (I) that "[e]ach party shall provide to opposing counsel a written witness list, including names and addresses of any witness it intends to call in its case-in-chief, or reasonably

anticipates calling in rebuttal or surebuttal."[1]  Further, Crim.R. 16(L), which

governs regulation of discovery, provides as follows:

"The trial court may make orders regulating discovery not inconsistent with
this rule. If at any time during the course of the proceedings it is brought to
the attention of the court that a party has failed to comply with this rule or
with an order issued pursuant to this rule, the court may order such party to
permit the discovery or inspection, grant a continuance, or prohibit the party
from introducing in evidence the material not disclosed, or it may make such
other order as it deems just under the circumstances."

{¶9}  "The imposition of sanctions for a discovery violation is

generally within the sound discretion of the trial court."  *State v. Sinkfield*,

Montgomery App. No. 18663, 2001-Ohio-1835; citing *State v. Parson*

(1983), 6 Ohio St.3d 442, 445, 453 N.E.2d 689.  However, prior to imposing

one of the allowed orders provided in Crim.R. 16(L), the trial court must

inquire into the circumstances surrounding the violation and should impose

the least severe sanction.  *City of Lakewood v. Papadelis*, supra, at paragraph

two of the syllabus.  The factors to be considered when making this inquiry

are 1) the extent of surprise or prejudice to the State; 2) the impact exclusion

of the witness would have on the evidence and the outcome; 3) whether the

violation was in bad faith; and 4) the effectiveness of less severe sanctions.

Id. at 5; *State v. Sinkfield*, supra.  Finally, the sanction of exclusion may not

---

[1] The quoted excerpt is taken from the amended version of  Crim.R. 16 was became effective on July 1,
2010.  Prior to this amendment, Crim.R. 16(C) governed disclosure of evidence by defendants, and in
section (C)(1)(c) specifically covered disclosure of witnesses.  Specifically, that  section provided for
defense disclosure of witnesses only upon motion of the prosecuting attorney.

be used if it would deprive the defendant of the ability to present a defense. *City of Lakewood v. Papadelis* at 5; *Warren* at 51.

{¶10} Here, there is no dispute that Appellant failed to disclose his mother as a witness prior to the start of trial. In making its objection, the State represented to the trial court that it had not received reciprocal discovery and that the defense had made no mention of the witness at the pretrial held just prior to trial. Further, based upon a review of the trial transcript, the witness was not identified in the police report. Thus, the State had no notice of Appellant's mother as a potential witness.

{¶11} Based upon the facts before it, the trial court sustained the State's objection and excluded Appellant's mother as a witness. In ordering exclusion, the trial court stated as follows:

"Mr. Lancione [Appellant's trial counsel], we talked about this before. The trial started. I wasn't going to allow these witnesses who had not been identified. We've had three months now that they could have been identified to the prosecution. I'm not going to let you just bring them in the day of the trial and, I think the rules prohibit that sort of behavior. If they haven't been identified, they are not going to be able to testify."

Here, it is clear that the violation was undisputed. Further, although the trial court imposed the harsh sanction of exclusion, we find no abuse of discretion considering that the witness was disclosed at a point when a lesser sanction would have been impractical and Appellant, who testified on his behalf, was not denied his constitutional right to present a defense. *City of*

*Lakewood v. Papadelis*, supra, at 5 (reasoning that exclusion of testimony is a permissible sanction in a criminal case provided the exclusion does not act to completely deny the defendant his constitutional right to present a defense). In reaching this decision, however, our reasoning is in part based upon the fact that Appellant did not present a proffer of his mother's expected testimony. Without such, this Court cannot fully evaluate the effect such testimony would have had on Appellant's defense.

{¶12} Having found no merit in Appellant's sole assignment of error, the assignment is overruled and the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J. and Kline, J.: Concur in Judgment and Opinion.

For the Court,


BY: _____
Matthew W. McFarland, Judge
**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**